cc: RLP

**THIS DOCUMENT FILED UNDER SEAL**

MEGAN K. KAU 8078
810 Richards Street, Suite 330
Honolulu, Hawai'i 96813
Telephone: (808) 864-8896
mk@megkaulaw.com

Attorney for Movant
HAWAII PARTNERS LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 2 2018

at 4 o'clock and 39 min. PM
SUE BEITIA, CLERK

SEALED BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IN THE MATTER<br><br>OF<br><br>THE SEARCH OF BOSTON WHALER 370 OUTRAGE "PAINKILLER" HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII | Misc. No. 17-00288-LEK RLP<br>Mag. No. 17-00909 RLP<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETURN PROPERTY |

**Table of Contents**

I. Introduction ................................................................................................ 1

II. The government cannot only agree to return certain parts of the Painkiller—it must return all of its parts. ................................................................................ 2

III. Because the warrant does not allow the government to keep the Painkiller's parts, providing HI Partners with an inventory list of parts that the government is keeping does not remedy the violation. ................................................................ 4

IV. Even under Fed. R. Crim. P. 41(g), the Court should return the unlawfully seized property. ................................................................................................ 7

    A.   The government's seizure and continued search of HI Partners' property is a callous disregard for the movant's constitutional rights. ................................. 9

    B.   HI Partners' interest in the boat is its ownership. ..................................... 11

    C.   The fact that the boat's parts are not perishable does not negate HI Partners' irreparable injury. ............................................................................ 11

    D.   In spite of the government's assertion that an administrative claim is the appropriate remedy, HI Partners has no other adequate remedy at law to get its property back. ............................................................................................. 12

V. The Court should grant HI Partners' request under its equitable powers because the government was not authorized to seize the boat's parts. ............................ 13

VI. Conclusion .............................................................................................. 15

**Cases**

*US v Comprehensive Drug Testing, Inc.*, 621.F.3d 1162, 1174 (9th Cir. 2010) ....... 8

# REPLY MEMORANDUM IN SUPPORT OF MOTION
# TO RETURN PROPERTY

## I. INTRODUCTION

The government claims that Hawaii Partners LLC'S ("HI Partners") request to return the Painkiller is "moot as the government has agreed to return the Painkiller itself..." *Government's Response to Hawaii Partners, LLC's Motion for Return of Property* ("MIO") at 1. And that HI Partners has amended its request and now asks the Court to decide whether the "government must return the *evidence*, which was listed in the inventory dated September 1, 2017 and seized pursuant to the warrant." *Id.* (emphasis added).

HI Partners' motion is not moot, nor has the movant amended its request. HI Partners still has yet to get its illegally seized property back, and therefore the motion is not moot. Also, movant always sought an order returning the boat in whole. In its original motion, HI Partners asked "for the return of property identified in the search warrant dated August 9, 2017"—which is the boat, the whole boat. *Motion to Return Property* ("Motion") at 1.

The search warrant's plain language strictly authorized the government to seize the boat only "as necessary to permit a forensic search and inspection" to find specific evidence listed. Exhibit 1 at Attachment B. Moreover, the government was only permitted to execute this search "on or before August 23, 2017." Exhibit 1.

It was later given an extension, and permitted to execute the search on or before November 25, 2017. The August 24, 2017 *Order Granting Application to Extend Time in Which to Search the Boston Whaler 370 Outrage "Painkiller," HA 9849 H, Hull Identification Number (HIN) BWCE1942D414* ("Extension Order") states "The deadline by which the PREMISES listed in the caption above can be maintained by FBI and searched is now November 25, 2017." Nothing permitted the government to search any part of the boat after November 25, 2017. Yet as the government admits, it now holds a number of parts for the sole purpose of a search. *See* Exhibit 5, which is a "partial inventory list pending a continued *further search* as deemed necessary." (Emphasis added). Because this further search has not been authorized by the Court, the boat must immediately be returned in whole.

## II. THE GOVERNMENT CANNOT ONLY AGREE TO RETURN CERTAIN PARTS OF THE PAINKILLER—IT MUST RETURN ALL OF ITS PARTS.

The government admits that it will not return all of the Painkiller's parts. Instead, it has agreed to return the boat as is, in an unseaworthy condition, and claims that it is so authorized to do so because the parts were seized pursuant to a "properly authorized warrant." MIO at 10. The government also claims that because it might have a "legitimate interest in retaining these parts in connection with an ongoing criminal investigation," it is authorized to keep HI Partners' property. MIO at 11.

2

This is not correct. The search warrant only permitted the government to search and inspect the Painkiller for murder for hire evidence. Specifically, it permitted the USA to complete a search to find precisely listed evidence (firearms, trace evidence, cell phones, keys, GPS unit, radio frequency transmissions, records and information) and to take photographs.[1] It did not permit the government to take and keep pieces of the boat in order to conduct a further search. Once the government conducted the search (before the appropriate deadline) and found any one of the listed items (e.g., firearms, trace evidence, cell phones, etc.), it was required to return the whole boat—including any part that had already been searched. The only thing that the government was authorized to keep in its possession was the evidence that it found as a result of the search (for example a firearm, trace evidence, cell phone, etc.). That's it, nothing more.

Yet the government argues that it has the authority to seize the boat's parts just because it has a valid search warrant:

> Movant also claims that the warrant does not authorize the removal of components of the boat. Supplemental Mem. at 5. Again, the seizure of these items was authorized by a valid warrant.

---

[1] For this motion's purpose, HI Partners assumes without waiving any objection that the search warrant is valid. At this point, HI Partners has not been given the opportunity to review the affidavit in support of the search warrant, and therefore has no basis to contest its validity.

3

MIO at 11. The USA further claims that since the warrant authorized seizure of trace evidence, that it necessarily authorized the removal and seizure of the boat's parts: "if any parts or components contain trace or forensic evidence, the warrant allowed for its seizure." MIO at 11.

The USA fails to state where it gets such broad authority. The warrant's language is clear. It does not authorize the government to seize or search any part past the Court's imposed deadline. Additionally, the warrant does not authorize the seizure of *all* trace and forensic evidence; rather, it only authorizes the seizure of trace and forensic evidence that constitutes evidence of a murder for hire.

Even assuming arguendo that the warrant did authorize the government to remove the boat's parts in order to complete a forensic analysis, the Extension Order required the government to complete this search and return all of the parts by November 25, 2017. The government's failure and continued refusal to do so constitute a willful disregard of this deadline. In order to correct this wrongful taking, the Court should order the government to return the boat in whole.

**III. BECAUSE THE WARRANT DOES NOT ALLOW THE GOVERNMENT TO KEEP THE PAINKILLER'S PARTS, PROVIDING HI PARTNERS WITH AN INVENTORY LIST OF PARTS THAT THE GOVERNMENT IS KEEPING DOES NOT REMEDY THE VIOLATION.**

On or about September 1, 2017, the government provided HI Partners with a *Receipt for Property* informing movant that it would be keeping a number of parts "pending a continued further search as deemed necessary." Exhibit 5. Three

4

months later, as the government admits, it informed HI Partners that it was now keeping those parts so that it could complete a forensic analysis on those parts:

> "On December 11, 2017, the FBI provided the Movant with a letter (Exhibit 8) explaining that certain parts from the Painkiller are being retained as evidence *pending forensic analysis* . . .

MIO at 6 (emphasis added). This was now 16 days past the Court's imposed deadline to complete any search.

The government argues that it did not violate the warrant and its deadline because the search ended before September 1, 2017:

> the FBI did not further search the Painkiller or remove anything from the Painkiller after its initial search which resulted in the recovery of the items listed in the inventory of September 1, 2017.

MIO at 12. The government seems to miss the point. The government—by keeping the boat's parts past November 25, 2017—is in violation of the warrant's authority because the agents continue to search those parts. This search is not authorized.

The government further tries to claim that Extension Order only prohibited the FBI from taking any destructive action:

> The November 25, 2017 deadline only dealt with 'destructive actions' that would affect the 'structural integrity of the boat' and had nothing to do with the evidence already seized for forensic testing.

MIO at 13. This is not correct. The Extension Order says nothing about destructive actions or structural integrity. It simply states "The deadline by which the

5

PREMISES listed in the caption above can be *maintained by FBI [sic] and searched* is now November 25, 2017." (Emphasis added). This means that the government was only allowed to maintain and search the boat and its parts up to November 25, 2017.

Still, the government mistakenly relies on the fact that it disclosed a list of parts in order to attempt to remedy its violation. It further supports its position by claiming that it timely disclosed its intent to keep the parts:

> Movant incorrectly asserts that it was not until December 11, 2017, when the FBI first disclosed it was keeping certain unidentified parts. Supplemental Mem. at 7. These 'unidentified' parts were the same items documented in the inventory provided on September 1, 2017."

MIO at 13-14.

First of all, the government misstates HI Partners' argument. Movant in fact agrees that on September 1, 2017, the USA gave it a list of parts. But what is significant is that in September 2017, the government only noted that those parts were being kept for a "continued further search as deemed necessary." November 25, 2017 then comes and goes. After that deadline passed, and not until December 11, 2017, the government disclosed that it was now going to keep those parts to complete a forensic analysis. Exhibit 9.

Even more egregious, the government refused movant's request to identify which, if any, parts it was continuing to seize "as evidence" as opposed to "for

6

forensic analysis." Cannon Dec. ¶ 17. All the government would disclose is that it had "altered" some components which it had removed, but it refused to identify the components it had altered. *See* Exhibits 9 and 10; *see also* Cannon Dec. ¶17. For example, the government stated that it seized the boat's engine covers "as evidence", but refused to disclose whether any other components had been "seized as evidence," as opposed to merely "removed . . . for forensic analysis". *Id.*

Secondly, even if the government did disclose in September 2017 its intent to keep a number of parts, such disclosure does not remedy the government's violation. Once November 25, 2017 had passed, the government was required to return all of the parts. But the FBI continues to keep HI Partners' property for the sole purpose of a search. Advising HI Partners in advance that it intended to violate its constitutional rights does not make it any better. The only remedy for such an atrocious violation is for the government to return the boat as it found it, in seaworthy condition.

## IV. EVEN UNDER FED. R. CRIM. P. 41(G), THE COURT SHOULD RETURN THE UNLAWFULLY SEIZED PROPERTY.

The government claims that "this Court must decide whether the *evidence* retained by the FBI should also be returned." MIO at 14 (emphasis added). But the boat's parts that the government has seized do not constitute evidence. The government has not asserted that its pre-November 25, 2017 forensic search, or, for that matter, any forensic search conducted to date, has yielded trace or forensic

7

evidence of an alleged murder for hire. To the contrary, the government has admitted that "the items being retained are actively undergoing forensic analysis at the FBI laboratory, which is not yet complete." MIO at 26.

Thus, the correct question presented is whether the government must return the boat and all of its components that the USA, admittedly, continues to forensically search. Since the government's continued retention of these components for continued forensic search is in circumvention and willful disregard of the Extension Order's November 25, 2017 deadline, the answer to this question must be "yes."

Under a Rule 41(g) motion, the US claims that "[b]efore exercising its equitable jurisdiction, this Court *must* consider" the Ramsden factors. MIO at 15 (emphasis added). This is incorrect. Where, as here, the government circumvented and willfully disregarded a court ordered deadline by continuing to hold components of the boat for continuing forensic search, the Court should order the return of the property without the need to balance the Ramsden factors. *US v Comprehensive Drug Testing, Inc.*, 621.F.3d 1162, 1174 (9th Cir. 2010). In the alternative, even if the Court does apply a Ramsden analysis, the Painkiller should be returned whole.

### A. The government's seizure and continued search of HI Partners' property is a callous disregard for the movant's constitutional rights.

The USA argues that

> [t]he callous disregard factor does not deal with whether the Painkiller is repaired. This factor deals with the government's action in searching and seizing the property remaining at issue—the items being held as evidence as documented in the inventory of September 1, 2017. . . . Here, all the items in question were seized pursuant to a warrant.

MIO at 17.

As already argued herein, the continued search of any part of the boat is not authorized. The government has not seized the boat's seaworthiness components "as evidence." Rather, the government removed these components in order to conduct a separate forensic search, which, the government admits is still actively ongoing. MIO at 26. And since the search is not yet complete, the government has refused to reinstall and return the boat's parts. The government's removal of these parts to determine *if* these parts contain trace or forensic evidence of an alleged murder for hire is not authorized by the warrant, and the government's continued forensic search and refusal to return these parts is a blatant violation of the Extension Order. Therefore, this government conduct has been and continues to be in callous disregard of HI Partners' Fourth and Fifth Amendment rights to be free from an unreasonable search and seizure and not to be deprived of property without the due process of law.

The government then states that

9

> [f]urther contradicting Movant's claim that it was induced to change the hearing to a status conference is its continued unwillingness to contact the FBI to seek the return of the Painkiller.

MIO at 18. It is not clear what is meant by this. It seems that the government is claiming that because HI Partners has not contacted the FBI asking to return the Painkiller that it somehow waived its right to do so. Or maybe the government is claiming that HI Partners' failure to make that call shows that it does not really want its property back. Whatever the argument, HI Partners has filed this very motion demanding the boat be returned and believes that it should be returned in whole. Whether the movant has contacted the FBI to make the same claim is irrelevant. The FBI has already made clear that it won't return HI Partners' property in whole, and therefore calling the FBI to make that request will do nothing to further the movant's interest. HI Partners has been forced to seek assistance from the Court.

Additionally, the government's misrepresentations that induced movant to agree to vacate the briefing schedule and convert the motion hearing to a status conference, and then to forego the status conference, constitute further evidence of the government's callous disregard for movant's constitutional rights. The government's contention that the callous disregard factor does not apply to its refusal to return the boat with its parts reinstalled has no basis in fact or law. MIO at 16-17.

10

The government further induced HI Partners by initially taking the position that it would completely repair the boat. Now the government claims that it only committed itself to "possible repairs" prior to returning the boat. MIO at 5. However, in November 2017, the government actually anticipated repairing the boat:

> Chris,
> FBI is following up with the company and is seeking an update. The estimate process requires determining what parts are necessary, the ETA for getting the parts to Hawaii, and then actually fixing the boat.

Exhibit D.

### B. HI Partners' interest in the boat is its ownership.

HI Partners' interest in the Painkiller is that it owns the boat and that the seizure of its property was not authorized. Yet the government claims that

> [t]he fact that Movant has not made any efforts to inspect or retrieve the Painkiller despite having been given this opportunity since December 11, 2017 demonstrates it has no particularized need for these parts.

MIO at 19. Again, by this motion, HI Partners asks this Court to order the FBI to return the boat whole.

### C. The fact that the boat's parts are not perishable does not negate HI Partners' irreparable injury.

The government claims that since the "parts are not perishable or unique", HI Partners will not be irreparably harmed if they are not returned. MIO at 19. The

11

parts' non-perishable characteristic does not remedy the fact that HI Partners will have to continue paying the boat's maintenance costs without being able to use it.

### D. In spite of the government's assertion that an administrative claim is the appropriate remedy, HI Partners has no other adequate remedy at law to get its property back.

The government's position is that the appropriate remedy for HI Partners is to file an administrative claim under 31 USC § 3724. *See* MIO at 9. However, this is not the appropriate remedy where, as here, HI Partners is aggrieved by the government's unlawful retention of its property. Based on this unauthorized seizure, the government should be instructed to return the boat in whole.

An administrative claim is not appropriate because the government was never entitled to seize the boat's parts. As such, HI Partners should not be required to file an administrative claim when it was the government who violated the search warrant. HI Partners had no say over the language of the search warrant or how the warrant was executed. It was the government who applied for, drafted, then executed the warrant. It would be completely unjust and unconstitutional to now require the injured party, HI Partners, to file an administrative claim.

So even under a Ramsden analysis, the boat should be returned in whole at the government's expense.

## V. THE COURT SHOULD GRANT HI PARTNERS' REQUEST UNDER ITS EQUITABLE POWERS BECAUSE THE GOVERNMENT WAS NOT AUTHORIZED TO SEIZE THE BOAT'S PARTS.

As already discussed, the government's seizure was not authorized by the warrant. As such, HI Partners has met its initial burden. Yet the government proposes that this Court "conduct an in camera review of the Application and Affidavit for Search and Seizure Warrant for the Painkiller to determine if there was probable cause to seize these items." MIO at 25.

Even if the Court conducts an in camera review of the warrant's application and affidavit, and assuming there was probable cause to issue the warrant, it is the warrant's language that is defective. The warrant simply does not authorize the government to seize any of the boat's parts and continue to search them past the deadline.

The USA goes on to claim that the parts are "evidence," but then admits that it needs the parts because "the items being retained are actively undergoing forensic analysis at the FBI laboratory, which is not yet complete." MIO at 26. First of all, this is not authorized. This is a continued search—and the warrant only allowed a search up until November 25, 2017. It is now February 2018, three months passed the warrant's expiration date.

13

Secondly, if the search is ongoing, then the parts cannot be evidence. It is the forensic search itself that will determine if in fact the government has evidence in its possession.

The government further claims that it "was properly authorized under a valid warrant to seize evidence to conduct forensic testing and should be permitted to complete it." MIO at 26-27. Yet the government fails to indicate what part of the search warrant properly authorized it to do so.

By keeping these parts past November 25, 2017 for the sole purpose of conducting a search, the government has violated the Court's order. Notably, nowhere in its response does the government assert that any of the seized components of the boat actually contain trace or forensic evidence of a murder for hire. Rather, the government admits that it continues to possess these parts because they are "actively undergoing forensic analysis at the FBI laboratory, which is not yet complete." MIO at 26. Pursuant to the Extension Order, the government was required to complete this forensic search and return the whole boat by November 25, 2017. Neither the warrant nor the Extension Order authorized the government to return the shell of the boat and to continue to seize the boat's components for continued forensic search. To the contrary, the government's admission that forensic analysis and testing of these components is actively ongoing and not yet

14

complete demonstrates that its continued retention of these parts is in circumvention and willful disregard of the extension order.

As such, this Court should exercise its equitable power and order the FBI to return the boat in a seaworthy condition.

## VI. CONCLUSION

The government was only authorized to seize forensic evidence constituting evidence of a murder for hire. It was not permitted by the Court to seize critical components of the boat past the deadline for the purpose of continuing its search for this evidence. If a pre-November 25, 2017 forensic search had yielded forensic evidence of a murder for hire, then the seizure of such parts would arguably be authorized by the face of the warrant. But, here, the government has not asserted that its pre-November 25, 2017 forensic search, or any forensic search, yielded such evidence on these components. Instead, they concede that they are continuing the forensic analysis.

Additionally, to the extent the warrant's lack of particularity and overbreadth allowed the agents unfettered discretion to remove parts for forensic analysis, the warrant is defective and the agents' conduct in removing these parts was unlawful.

HI Partners respectfully asks the Court to order the FBI to return the boat whole and at the government's expense. The request is warranted since the government

claims there is "no guarantee all the parts will be in a condition suitable for reuse if they were to be returned." MIO at 18.

DATED: Honolulu, Hawai`i, February 12, 2018.

/s/ MEGAN K. KAU
MEGAN K. KAU
Attorney for Movant
HI Partners LLC

16