SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH | ) | MISC. NO. 17-00288 LEK-RLP |
| OF: BOSTON WHALER 370 | ) | |
| OUTRAGE "PAINKILLER," HA 9849 | ) | FINDINGS AND RECOMMENDATION TO |
| H, HULL IDENTIFICATION NUMBER | ) | DENY HAWAII PARTNERS, LLC'S |
| BWCE1942D414 MOORED IN KEWALO | ) | MOTION FOR RETURN OF PROPERTY |
| BASIN HARBOR, HONOLULU, | ) | |
| HAWAII | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY HAWAII
PARTNERS, LLC'S MOTION FOR RETURN OF PROPERTY[1]

Before the Court is Hawaii Partners, LLC's Motion to

Return Property, filed October 18, 2017 ("Motion").  ECF No. 1.

The initial hearing set for the Motion was vacated at the

parties' request.  After Hawaii Partners, LLC obtained new

counsel, it filed a Supplemental Memorandum in Support of its

Motion on January 5, 2018.  ECF No. 19.  The United States filed

its Response to the Motion on January 29, 2018.  ECF No. 29.

Hawaii Partners, LLC filed its Reply on February 15, 2018.  ECF

No. 25.  This Court finds this matter suitable for disposition

without a hearing pursuant to Local Rule 7.2(d) and VACATES the

hearing set for February 26, 2018.  After careful consideration

of the Motion, Response, Reply, exhibits and declarations, and

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be DENIED for the reasons set forth below.

BACKGROUND

The United States is conducting a criminal investigation of a possible violation of 18 U.S.C. § 1958 (Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire) involving Michael Miske and others.  The government has not yet brought charges against any individuals, and the nature and scope of the ongoing investigation is confidential.  As part of this investigation, the Federal Bureau of Investigation ("FBI") obtained a warrant in Mag. No. 17-00909 RLP to search and seize a Boston Whaler 370 Outrage called the Painkiller ("the Vessel").  The warrant was supported by a sealed affidavit, which was sealed because it set forth confidential information, the disclosure of which might jeopardize the ongoing criminal investigation.  On August 10, 2017, the FBI executed the warrant on the Vessel.

The government provided a copy of the warrant to Mr. Miske's counsel and provided updates to counsel regarding the status of the search of the Vessel.  Mr. Miske's counsel was provided with a copy of the Order allowing the FBI to maintain the Vessel until November 25, 2017, and provided a copy of the Receipt for Property for the Vessel, which included an inventory list pending further search.

On October 19, 2017, Hawaii Partners, LLC filed the present Motion.  Hawaii Partners, LLC is the registered owner of the Vessel.  In its Motion, Hawaii Partners, LLC asks the Court to order return of the Vessel and to prohibit the government from taking any action that would destroy the structural integrity of the Vessel.  After the present Motion was filed, the government contacted counsel for Hawaii Partners, LLC to inform them that there may not be a need to take destructive action and that the Vessel may be able to be returned.  Thereafter, the government and counsel for Hawaii Partners, LLC engaged in several discussions regarding the repairs needed to the Vessel and the timing of its return.

On December 5, 2017, the government informed counsel for Hawaii Partners, LLC that the Vessel would be returned "as-is" and was not currently seaworthy, and provided the procedure for releasing the Vessel.  The FBI provided a letter to Hawaii Partners, LLC stating that certain parts from the Vessel were being retained as evidence, that the Vessel would be released, and that there were procedures to file a claim for damages or repairs.  The letter also included a list and photos of items that would need to be replaced or repaired.  The letter also offered Hawaii Partners, LLC an opportunity to inspect the Vessel prior to its return so it could make arrangements for storage and repairs.

3

On January 5, 2018, Hawaii Partners, LLC filed it Supplemental Memorandum, in which it asks the Court to order the return of the Vessel including all of the items that the FBI has seized as evidence pursuant to the warrant.  The Vessel remains in its current condition at the FBI Honolulu Division Office.

DISCUSSION

Return of property in a criminal case is governed by Federal Rule of Criminal Procedure 41(g), which provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  Rule 41(g) is ordinarily used to seek the return of property after an indictment is issued.  As noted above, no criminal proceedings have not been instituted at this time.  "Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (citing United States v. Martinson, 809 F.2d 1364, 1366–67 (9th Cir. 1987)).  In those instances, "[t]hese motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." Id. (quoting Kitty's East v. United States, 905 F.2d 1367, 1370 (10th Cir. 1990).  The Court must consider several facts in deciding whether to exercise its

4

jurisdiction to consider a pre-indictment Rule 41(g) motion.

United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005).

Specifically, the Court must consider:

> whether: (1) the Government displayed a
> callous disregard for the constitutional
> rights of the movant; (2) the movant has an
> individual interest in and need for the
> property he wants returned; (3) the movant
> would be irreparably injured by denying return
> of the property; and (4) the movant has an
> adequate remedy at law for the redress of his
> grievance.

Id. (citations omitted). "If the balance of equities tilts in

favor of reaching the merits of the Rule 41(g) motion, the

district court should exercise its equitable jurisdiction to

entertain the motion." Id.

First, regarding whether the government displayed a

callous disregard for the constitutional rights of Hawaii

Partners, LLC, the Court's in camera review of the underlying

application and affidavit for search warrant supports a finding

that the government did not display a callous disregard for

Hawaii Partners, LLC's constitutional rights. Based on the

information before the Court, pursuant to that search warrant,

the FBI properly searched the Vessel and seized certain items, a

list of which was provided to Hawaii Partners, LLC.

Second, regarding whether Hawaii Partners, LLC has an

interest in and need for the Vessel, this factor is neutral. As

the registered owner, Hawaii Partners, LLC has an interests in

the Vessel.  However, there is no evidence that Hawaii Partners,
LLC needs to have the seized items returned at this time as
opposed to after the investigation is completed.

Third, regarding irreparable injury, the Court
concludes that Hawaii Partners, LLC would not be irreparably
injured by denying return of the seized property.  The items
seized from the Vessel are not perishable or unique.  The
government has provided a list of the items seized and the
repairs that are necessary to return the Vessel to seaworthiness.
Because it appears that the Vessel can be repaired, the Court
finds that Hawaii Partners, LLC would not be irreparably injured
by denying return of the seized items before the investigation
has been completed.

Fourth, regarding whether Hawaii Partners, LLC has an
adequate remedy at law, the Court finds that Hawaii Partners, LLC
can file an administrative claim under 31 U.S.C. § 3724 or file a
civil suit related to any damages that it has suffered.  The
government has provided Hawaii Partners, LLC with a list of all
the parts that need to be repaired or replaced and has provided
Hawaii Partners, LLC with an opportunity to inspect and retrieve
the Vessel.  Because Hawaii Partners, LLC can file an
administrative claim or a civil suit, an adequate remedy at law
for redress exists.

On balance, this Court FINDS that the equities do not

tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district court should not exercise its equitable jurisdiction to entertain the motion.

CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that  Hawaii Partners, LLC's Motion to Return Property be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 16, 2018.

Richard L. Puglisi
United States Magistrate Judge


**IN THE MATTER OF THE SEARCH OF: BOSTON WHALER 370 OUTRAGE "PAINKILLER," HA 9849 H, HULL IDENTIFICATION NUMBER BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII;** MISC. NO. 17-00288 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY HAWAII PARTNERS, LLC'S MOTION FOR RETURN OF PROPERTY