**FILED UNDER SEAL PER COURT'S 10/19/2017 ORDER**

MEGAN K. KAU 8078
810 Richards Street, Suite 330
Honolulu, Hawai`i 96813
Telephone: (808) 864-8896
Email: mk@megkaulaw.com

Attorney for Movant
HAWAII PARTNERS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN THE MATTER<br><br>OF<br><br>THE SEARCH OF BOSTON WHALER 370 OUTRAGE "PAINKILLER" HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII | Misc. No. 17-00288-LEK RLP<br>Mag. No. 17-00909 RLP<br><br>HAWAII PARTNERS LLC'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY HAWAII PARTNERS, LLC'S MOTION FOR RETURN OF PROPERTY, FILED FEBRUARY 16, 2018 |

HAWAII PARTNERS LLC'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY HAWAII PARTNERS, LLC'S MOTION FOR RETURN OF PROPERTY, FILED FEBRUARY 16, 2018

Movant, Hawaii Partners LLC ("HI Partners"), by and through its undersigned counsel, respectfully objects to the Magistrate Judge's *Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* that was filed on February 16, 2018.

## I. LEGAL STANDARD

These objections are filed pursuant to 28 U.S.C. § 636(b)(1) and LR74.2. Under the relevant case law, it seems that a Federal Rule of Criminal Procedure 41(g) motion is treated as dispositive:

> A claimant's motion to return seized property is a dispositive motion subject to review under 28 U.S.C. § 636(b)(1)(B). *See, e.g., Reader v. U.S.*, 2016 U.S. Dist. LEXIS 134705, 2016 WL 5422763, at *5 (E.D. Tex. Sept. 29, 2016); *Tellez-Sanchez v. U.S.*, 2014 U.S. Dist. LEXIS 92419, 2014 WL 3339800, at *1 (D. Ariz. July 8, 2014); *U.S. v. Thomas*, 2013 U.S. Dist. LEXIS 61570, 2013 WL 1823094, at *1 (S.D. Fla. Apr. 30, 2013); *U.S. v. Bolze*, 2011 U.S. Dist. LEXIS 151731, 2011 WL 7052800, at *1 (E.D. Tenn. Dec. 22, 2011), report and recommendation adopted, 2012 U.S. Dist. LEXIS 5527, 2012 WL 177399 (E.D. Tenn. Jan. 18, 2012); U.S. v. Guba, 2009 U.S. Dist. LEXIS 73584, 2009 WL 2606454, at *1 (N.D. Fla. Aug. 18, 2009).

*United States v. Jones*, No. 12-10084-PBS, 2016 U.S. Dist. LEXIS 183170, at *1 n.1 (D. Mass. Nov. 18, 2016).

Although it does seem that the Ninth Circuit has not yet definitively addressed this issue:

> Beginning with the issue of the seized devices, the court notes that returns of seized property are typically presented by way of a motion pursuant to Fed. R. Crim. P. 41(g). Even where no indictment has issued, a party simply looking to get its property back from the government may initiate a civil equitable proceeding applying the principals of Rule 41(g). But even though the defendants do not explicitly invoke Rule 41(g), it is difficult to understand the defendants' request for the return of their devices as anything other than a Rule 41(g) motion. In this setting, the court must be mindful of the limitations on its authority and jurisdiction under both 28 U.S.C. § 636(b) and this court's General Order 42. Section 636(b) does not identify any authority for this court to rule on any motion for return as a non-dispositive motion, and General Order 42 explicitly prohibits

> preparation by a magistrate judge of a report and recommendation on a dispositive motion. <u>The court has failed to identify any Ninth Circuit case characterizing a Rule 41(g) motion as non-dispositive, but must conclude that a magistrate judge's consideration of a Rule 41(g) motion is appropriately treated as a report and recommendation on a dispositive motion.</u> Because such consideration is precluded in this district by General Order 42, the undersigned must decline either to rule on the requested return of the defendants' devices or even to issue a formal recommendation on the subject.

*United States v. Collins*, No. 11-CR-00471-DLJ (PSG), 2012 U.S. Dist. LEXIS 35980, at *20-21 (N.D. Cal. Mar. 16, 2012).

As such, under LR74.2, HI Partners asks that the District Judge make a de novo determination of the following specified portions of the Magistrate Judge's recommendation and reject his findings or recommendation.

## II. PROCEDURAL HISTORY

On August 9, 2017, the Court issued a warrant to search HI Partners' boat and to seize:

> 2. All records and evidence relating to violations of 18 U.S.C. § 1958 (Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire), involving Miske and others known and unknown, occurring on or about June 14, 2016 to August 30, 2016, including:
> 
> . . .
>
> b. Trace and forensic evidence to include: biological matter, including but not limited to hair skin bones, blood, DNA, and fingerprints.

The warrant also authorized the government to seize the boat itself, but only "as necessary to permit a forensic search and inspection for evidence" described in the warrant. *Motion to Return Property* [Doc. #8] at Exhibit 1, Attachment B.

3

The government filed an application to extend the time in which it could search HI Partners' boat. On August 24, 2017, the Court issued its *Order Granting Application to Extend Time In Which to Search the Boston Whaler 370 Outrage "Painkiller," HA 9849 H, Hull Identification Number (HIN) BWCE1942D414* ("Extension Order") granting the government's application, and ordered that: "The deadline by which the [boat] can be maintained by FBI [sic] and searched is now November 25, 2017." *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at Exhibit 6.

On August 28, 2017, the government notified Lynn Panagakos, counsel for Michael Miske, that it would be holding the boat pending the results of the government's scientific testing and analysis of samples it had seized from the boat. Government counsel explained that the results were "expected to take anywhere from 3-6 months[,]" and that it therefore might obtain an extension of the November 25 deadline. *Motion to Return Property* [Doc. #8] at Exhibit 4. Government counsel further explained that depending on such results, it might "collect additional evidence and run additional tests." *Id.*

On October 19, 2017, HI Partners filed its motion seeking to return the property identified in the search warrant, wherein it challenged the legality of: (1) the government's 3-6 month delay in completing its search (*Motion to Return Property*

4

[Doc. #8], *Memorandum in Support of Motion* ("MIS") at 5-7); (2) any further searches (*Id.,* at 7-9); (3) the warrant itself, and the seizure of evidence pursuant thereto (*Id.,* at 9-14); and (4) excessive property damage (*Id.,* at 15-17).

The Court set a briefing schedule and a November 20, 2017 hearing date. Thereafter, government counsel informed Christopher J. Cannon, then-counsel for HI Partners, that it was hopeful that the matter could be resolved in a manner that would moot HI Partners' concerns. *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at *Declaration of Christopher J. Cannon* ("Cannon Dec") ¶ 9. *See also* Exhibit 7. In reliance on the government's representation, Mr. Cannon agreed to vacate the briefing schedule and to convert the motion hearing to a status conference. *Id.*

Next, the government informed Mr. Cannon that it would return HI Partners' boat after making repairs necessitated by its conduct. *Id.,* at Cannon Dec. ¶¶ 11-14. *See also* Exhibit 8. *See also Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at Exhibits C, D. In reliance on this government representation, Mr. Cannon did not insist that the status conference proceed on the record. *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at Cannon Dec. ¶¶ 11-18.

On December 11, 2017, after the deadline to complete the search had passed, the government notified Mr. Cannon that: (1) its forensic analysis of certain items that it had removed from the boat was ongoing; (2) these items would therefore not be returned; and (3) without these items, the boat was not seaworthy. *Id.* at ¶ 17. See also Exhibit 9.[1]

On January 5, 2018, HI Partners filed *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] asserting, *inter alia*, that the government's continued forensic analysis of parts of the boat was in circumvention and willful disregard of its November 25, 2017 deadline to complete its search and return the boat. HI Partners asked the Court to order the government to return the boat with these parts intact.

On January 29, 2018, the government filed its response, wherein the ongoing nature of the government's search—and therefore its circumvention and willful disregard of its November 25, 2017 deadline—became even more clear. The government stated that "the items being retained are actively undergoing forensic analysis at the FBI laboratory, which is not yet complete. . . . the items are

---

[1] The government has asserted that its September 1, 2017 inventory list put HI Partners on notice that the items at issue had been seized. See inventory list at *Motion to Return Property* [Doc. #8] at Exhibit 5. However, this list did not disclose that the government's sole basis for its seizure of these items was to conduct off-site forensic testing, or that it would continue its forensic searches of these items well after the November 25, 2017 deadline.

undergoing sequential forensic testing and have not yet been ruled out as evidence at this time. . . . the items in question are being retained for analysis for trace and forensic evidence . . . ." *Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at 26.

### III.  MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

On February 16, 2018, the Magistrate Judge issued *Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29], stating that

> The Court must consider several facts in deciding whether to exercise its jurisdiction to consider a pre-indictment Rule 41(g) motion. . . .
>
> . . .
>
> On balance, this Court FINDS that the equities do not tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district court should not exercise its equitable jurisdiction to entertain the motion.
>
> CONCLUSION
>
> On the basis of the foregoing, this Court FINDS AND RECOMMENDS that Hawaii Partners, LLC's Motion to Return Property be DENIED.

*Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29] at 4-5, 6-7. For the reasons set forth below, HI Partners respectfully objects to these findings and recommendation.

IV.  **U.S. V. COMPREHENSIVE DRUG TESTING, INC. REQUIRES THAT THE MERITS OF HI PARTNERS' MOTION BE REACHED, AND THAT THE PROPERTY BE RETURNED.**

Although courts must ordinarily balance four factors in deciding whether to exercise its jurisdiction to consider a pre-indictment Rule 41(g) motion, *United States v. Ramsden*, 2 F.3d 322, 325 (9th Cir. 1993), an exception to this rule was recognized in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010). As explained below, the *Comprehensive Drug Testing, Inc.* exception clearly applies here. HI Partners respectfully objects to the Magistrate Judge's wholesale failure to address this exception.

In *Comprehensive Drug Testing, Inc.*, 621 F.3d at 1174, the Court stated:

> When, as here, the government comes into possession of evidence by circumventing or willfully disregarding limitations in a search warrant, it must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof. When the district court determines that the government has obtained the evidence through intentional wrongdoing –rather than through a technical or good faith mistake-- it should order return of the property without the need for balancing that is applicable in the more ordinary case.

Here, the warrant authorized the government to search HI Partners' boat and to seize "trace and forensic evidence" "relating to violations of 18 U.S.C. § 1958" "to include: biological matter, including but not limited to hair skin, bones, blood, DNA and fingerprints." *Motion to Return Property* [Doc. #8] at Exhibit 1, Attachment B. The warrant also authorized the temporary seizure of the boat, but

8

only for a limited purpose: "as necessary to permit a forensic search and inspection for evidence described" in the warrant. *Id.*

The warrant did not expressly authorize the government to remove and seize the boat's seaworthiness components for off-site forensic search to determine whether those components contain trace and forensic evidence related to the alleged offense. Therefore, HI Partners respectfully submits that the government's seizure and retention of these items for this purpose is in circumvention of the limitations of the warrant. *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at 5. Moreover, assuming *arguendo* that the warrant's authorization to seize the boat "as necessary to permit a forensic search" did include implied authority to remove the boat's seaworthiness components for off-site forensic search, the Court's Extension Order plainly required that such search be complete, and that the parts be returned, by November 25, 2017. *Id.* at Exhibit 6. The government has circumvented and willfully disregarded this deadline.

Notably, the government has never asserted that the seized items contain trace and forensic evidence related to the alleged offense. To the contrary, the government has admitted that "the items in question are being retained for analysis for trace and forensic evidence," and that they are actively "undergoing sequential forensic testing and have not been ruled out as evidence at this time."

9

*Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at 26. This admittedly ongoing forensic testing constitutes a search,[3] which is clearly prohibited by the Extension Order's November 25, 2017 deadline. The government is continuing to hold, and refusing to return, HI Partners' private property for the express purpose of actively ongoing "sequential forensic testing" and "analysis for trace and forensic evidence." *Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at 26. Thus, the government continues to "physically occup[y] private property for the purpose of obtaining information." There is "no doubt that such a physical intrusion would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted." *United States v. Jones,* 565 U.S. 400, 404-05 (2012) (holding that installation of GPS on vehicle constitutes search).

Thus, by removing and refusing to return critical components of the boat, and continuing its forensic search of these components well past the November 25,

---

[3] *See, e.g., Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 616 (1989) (chemical analysis of seized blood sample constitutes search covered by Fourth Amendment); *United States v. Mitchell,* 652 F.3d 387, 406-07 (3rd Cir. 2011) (*en banc*) (collection of DNA sample constitutes one search; processing of DNA sample and creation of DNA profile constitutes second search) (*citing United States v. Sczubelek,* 402 F.3d 175, 182 (3rd Cir 2005) (construing *Skinner*)); *United States v. Davis,* 690 F.3d 226, 246 (4th Cir. 2012) (extraction of DNA sample from defendant's clothing and creation of DNA profile constituted search under Fourth Amendment).

2017 deadline, the government has circumvented and willfully disregarded the limitations of the search warrant and the Extension Order.

The government's communications with Mr. Cannon constitute further evidence of its willful disregard of its obligations. The government specifically agreed to notify Mr. Cannon prior to November 25, 2017 in the event that it intended to continue its search past the November 25 deadline. *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at Cannon Dec. ¶ 9. See also Exhibit 7. However, the government did not do so. *Id.* at ¶ 10.

In addition, prior to the November 25, 2017 deadline, the government informed Mr. Cannon that the FBI had obtained a repair assessment and would repair the boat prior to its return, and that a written estimate setting forth the repairs to be made, the cost, and the estimated time for these repairs, would be forthcoming. *Id.* at ¶¶ 1-14. See also Exhibit 8. See also *Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at Exhibits C, D. But then on December 5, 2017, the government notified Mr. Cannon that it would not make any repairs to the boat; and on December 14, 2017, the government notified Mr. Cannon that it refused to produce its estimate. *Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at ¶¶ 16-18. See also Exhibits 9, 10.

11

Lastly, the Magistrate Judge has erroneously stated that HI Partners seeks the return of all items which have been "seized as evidence pursuant to the warrant." *Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29] at 4. To the contrary, HI Partners seeks the return of the boat with its seaworthiness components intact precisely because there is no permissible evidentiary basis for the government to continue to hold these parts. The government's response makes clear that it did not identify trace or forensic evidence related to the alleged offense on these items prior to its deadline to complete the search, or even as of the January 29, 2018 filing of its response and that its forensic searches have continued for months after its November 25, 2017 deadline and are still ongoing, all in contravention and willful disregard of the Extension Order.

Therefore, under *Comprehensive Drug Testing, Inc.*, *supra*, the merits of HI Partners' motion must be reached, and its boat must be returned with the seized parts discussed herein intact.

V. **EVEN UNDER *RAMSDEN*, THE COURT SHOULD RETURN THE BOAT WHOLE.**

After applying the Ramsden factors, the Magistrate Judge recommended that as an equitable matter, the vessel should not be returned to HI Partners.

> **A. HI Partners objects to the finding that there has been no callous disregard for its constitutional rights.**

12

It is the actual warrant and Extension Order's language that is relevant here. As such, HI Partners has asked the Court to return the boat with the parts it has removed for forensic analysis intact, because the government's continued—and admittedly ongoing testing—is in complete disregard of the Court's hard-set deadline of November 25, 2017. Yet the District Court relies on a sealed affidavit to support a finding that there has been no callous disregard of HI Partners' rights:

> First, regarding whether the government displayed a callous disregard for the constitutional rights of Hawaii Partners, LLC, the Court's in camera review of the underlying application and affidavit for search warrant supports a finding that the government did not display a callous disregard for Hawaii Partners, LLC's constitutional rights.

*Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29].

This is not appropriate because HI Partners has not been provided this sealed affidavit. As such, the first objection is that since the Court now relies on the sealed affidavit, it should be provided to HI Partners to review so that it can make the proper arguments.

The second objection is that since the affidavit was not turned over to HI Partners, then the Court should not rely on it to find that the government has not callously disregarded HI Partners' rights. On the contrary, the following exemplify how the government callously disregarded HI Partners' constitutional rights: (1) rendering the boat unseaworthy by removing parts from the boat without

13

determining that such parts contained trace or forensic evidence related to the alleged offense; (2) continuing its forensic search of these parts for months after the expiration of its November 25, 2017 deadline to complete its search; (3) refusing to return these parts, in clear violation of the Extension Order; (4) breaching its agreement to inform Mr. Cannon prior to the expiration of the November 25, 2017 deadline that it intended to continue its search past the expiration of this deadline; (5) refusing to provide Mr. Cannon a copy of the repair assessment and written estimate it obtained, despite its prior representation that it would do so; and (6) lulling Mr. Cannon into agreeing to vacate the briefing schedule, motion hearing and status conference by falsely representing that it would repair and return the boat.

It does not matter what the underlying allegation supporting the search warrant is (which at this time HI Partners' cannot respond to since it does not have the affidavit supporting the search warrant). No matter how violent or atrocious the crime, the government can never violate anyone's constitutional rights.

### B. HI Partners objects to the finding that HI Partners will not be irreparably injured by denying the return of the vessel.

The Magistrate Judge finds that HI Partners will not be irreparably injured because the parts that continue to be searched are not perishable and the boat can later be repaired. *Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29] at 6. HI Partners objects to this finding

14

because the Court fails to take into consideration the costs that HI Partner must continue to incur while the government has possession of the boat's parts. HI Partners will have to pay for the vessel's insurance, registration, licensing, and docking fees.

### C. HI Partners objects to the finding that HI Partners has an adequate remedy at law: to file an administrative claim under 31 USC § 3724 or to file a civil suit.

The Magistrate Judge finds that HI Partners has an adequate remedy at law:

> the Court finds that Hawaii Partners, LLC can file an administrative claim under 31 U.S.C § 3724 or file a civil suit related to any damages that it has suffered.

*Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property* [Doc. #29] at 6 (emphasis added). This is not an adequate remedy because HI Partners is not asking the Court to issue damages against the government. Instead, HI Partners seeks the return of the vessel with the parts that the government is continuing to hold for an active, ongoing forensic search intact, because the date by which the government had to search these parts, November 25, 2017, has passed. An administrative claim is not an appropriate remedy because under 31 USC § 3724, a petitioner can only make a claim for up to $50,000 for "personal injury, death, or damage to, or loss of, privately owned property" caused by an officer. Here, HI Partners is not seeking damages for personal injury, death, or damage to its property. It is asking the Court to return the boat in whole.

## VI. THE SEIZED ELECTRONICS

In its briefings, HI Partners requested that the Court order the government to return its seized electronics because the portion of the warrant that authorized the seizure of these items was overbroad and failed to satisfy the Fourth Amendment's particularity requirement. *See e.g., Motion to Return Property* [Doc. #8] at MIS at 13. *See also Movant Hawaii Partners LLC's Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at 11. Yet the Magistrate Judge completely disregarded this portion of HI Partners' motion. As such, HI Partners objects to the lack of findings or recommendation on this issue.

On its face, the warrant authorized seizure of evidence related to an alleged offense which, if it occurred at all, is alleged to have occurred between June 14, 2016 through August 30, 2016. However, the warrant also authorized wholesale seizure of GPS data and radio frequency transmissions, boat tracking data, and radar data, including all such data for one year following the alleged offense. HI Partners has asserted that: "assuming *arguendo* that the government has a legitimate law enforcement interest in retaining certain electronic information for the period June through August 2016, that interest can be accommodated by allowing the government to retain copies of specific portions of the seized data while returning the originals to HI Partners." *Movant Hawaii Partners LLC's*

16

*Supplemental Memorandum in Support of Motion to Return Property, Filed October 19, 2017* [Doc. #19] at 12 (*citing Ramsden,* 2 F.3d at 327).

The government has stated that it: (1) "has been able to copy and preserve the electronic information from these devices; (2) "agrees to return the electronics;" and (3) "will retain copies of the electronic information as suggested by Movant." *Government's Response to Hawaii Partners, LLC's Motion for Return of Property* [Doc. #23] at 10. To the extent that the government intends to retain copies of electronic information which post-dates the alleged offense, HI Partners respectfully objects. *See Comprehensive Drug Testing, Inc., supra,* 621 F.3d at 1174 (affirming district court's order that government return copies, and discussing advisory committee notes to 1989 amendments to Fed.R.Crim.P. 41). The Magistrate Judge did not make any specific findings or recommendations on this issue.

The government's retention of private data which post-dates the alleged offense is in callous disregard of HI Partners' constitutional rights because on its face, the warrant lacks probable cause to seize and retain this data. This unconstitutional invasion of privacy constitutes irreparable injury for which there is no adequate remedy at law.

17

## VII. CONCLUSION

For the foregoing reasons, HI Partners respectfully requests that the Court order the government to: (1) cease its forensic search of the parts of the boat which it has removed for forensic analysis; (2) return the boat with these parts intact; and (3) return not only the seized electronics but also copies of any electronic information which post-dates the alleged offense.

DATED: Honolulu, Hawai`i, March 1, 2018.

_____<br>
MEGAN K. KAU<br>
Attorney for Movant<br>
HI Partners LLC