**ORIGINAL**        SEALED
BY ORDER OF THE COURT

WARNING:   THIS IS A SEALED DOCUMENT CONTAINING
           NON-PUBLIC INFORMATION

KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

DARREN W.K. CHING  #6903
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  darren.ching@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 6 2018

at ___2___ o'clock and __50__ min. _P_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: BOSTON WHALER 370 OUTRAGE "PAINKILLER," HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII | Civ. No. 18-00080 LEK-RLP<br><br>GOVERNMENT'S RESPONSE TO HAWAII PARTNERS, LLC'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY HAWAII PARTNERS, LLC'S MOTION FOR RETURN OF PROPERTY, FILED ON FEBRUARY 16, 2018; CERTIFICATE OF SERVICE |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION .................................................................. 1

II.  HISTORY ............................................................................ 1

III. STANDARD......................................................................... 9

IV.  DISCUSSION ...................................................................... 10

  A.  The government agreed to return the Painkiller and
    agreed to return certain parts of the Painkiller .......... 12

    1.  The Painkiller itself .............................................. 12

    2.  Electronics of the Painkiller ................................. 13

  B.  The government did not come into possession of
    evidence by circumventing or willfully disregarding
    limitations in the search warrant................................ 14

    1.  The warrant authorized removal and testing of the
      seized items ........................................................ 15

    2.  The government complied with the magistrate court's
      November 25, 2017 order..................................... 16

  C.  This Court should adopt the magistrate court's findings
    and recommendation not to exercise equitable jurisdiction
    to entertain Movant's Motion.................................... 18

    1.  Callous disregard................................................. 19

    2.  Individual interest in and need for the property ................... 22

    3.  Irreparable injury ................................................ 22

    4.  Adequate remedy at law ...................................... 23

V.   CONCLUSION..................................................................... 24

# TABLE OF AUTHORITIES

Cases                                                                                                            Page(s)

*Holder v. Holder*
    392 F.3d 1009 (9th Cir. 2004) ...................................................................... 9, 10

*Mr. Lucky Messenger Service, Inc. v. United States*,
    587 F.2d 15 (7th Cir. 1978) ............................................................... 20

*In the Matter of the Seizure of a Light Green 2009 Toyota Prius . . . .,*
    *No. Mc 0900101 JMS/BMK,* 2009 WL 2143542 (D. Haw. July 14, 2009) ......... 20

*Ramsden v. United States*,
    2 F.3d 322 (9th Cir. 1993) .......................................................... 8, 18

*Times Mirror Co. v. United States*,
    873 F.2d 1210 (9th Cir. 1989) ...................................................... 19

*United States v. Comprehensive Drug Testing, Inc.*
    621 F.3d 1162 (9th Cir. 2010) ...................................................... 14

*United States v. Kama*,
    394 F.3d 1236 (9th Cir. 2005) ...................................................... 18

*United States v. Mitchell*,
    652 F.3d 387 (3d Cir. 2011) (en banc) ............................................ 17

*United States v. Raddatz*,
    447 U.S. 667 (1980) ................................................................ 9

Rules and Statutes

LR7.2 ............................................................................... 1
LR74.2 ............................................................................ 1, 9

18 U.S.C. § 1958 ................................................................... 2
28 U.S.C. § 636(b)(1) .............................................................. 9
31 U.S.C. § 3724 ............................................................... 12, 23
42 U.S.C. § 14135a ................................................................ 17

**GOVERNMENT'S RESPONSE TO HAWAII
PARTNERS, LLC'S OBJECTIONS TO THE FINDINGS
AND RECOMMENDATION TO DENY HAWAII PARTNERS, LLC'S
MOTION FOR RETURN OF PROPERTY, FILED ON FEBRUARY 16, 2018**

## I.   INTRODUCTION

On February 16, 2018, the magistrate judge filed his Findings and

Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property

("F & R").  Doc. No. 29.  On March 2, 2018, Hawaii Partners, LLC ("Movant" or

"Hawaii Partners"), filed its objections to the F & R ("Objections").  Doc. No. 30.

After making a *de novo* determination of the findings and recommendation

made by the magistrate judge, this Court should decline to exercise equitable

jurisdiction and deny Movant's Motion to Return Property.  Therefore, this Court

should find this matter suitable for disposition without a hearing pursuant to Rules

LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District

Court for the District of Hawai'i ("Local Rules") and overrule Movant's

Objections and adopt the magistrate judge's F & R.

## II.   HISTORY

Movant does not contest the findings of the magistrate court as detailed in

the "Background" portion of the F & R.  However, the government will provide

this Court with a more detailed history, which is taken from the filings that the

magistrate court reviewed.  *See* F & R at 1-2.

The United States is conducting a criminal investigation of a possible violation of 18 U.S.C. § 1958 (Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire) involving Michael Miske and others known and unknown. *See* Movant's Motion for Return of Property ("Motion") - Exhibit 1,[1] Attachment B of Search and Seizure Warrant in Mag. No. 17-00909 RLP.

The government has not yet brought charges against any individuals, and the nature and scope of the ongoing investigation is confidential. As part of this investigation, the Federal Bureau of Investigation ("FBI") obtained a warrant from the magistrate court to search and seize a Boston Whaler 370 Outrage called the "Painkiller." The warrant was supported by an affidavit, which was ordered sealed by the magistrate court because the affidavit set forth confidential information, the disclosure of which might jeopardize the ongoing criminal investigation. *See* Government's Response to Hawaii Partners, LLC's Motion for Return of Property ("Response") at 2. Doc. No. 23.

On August 10, 2017, the FBI executed a warrant on the Painkiller. The FBI was unable to provide Mr. Miske with a copy of the warrant. Instead, Ms. Lynn

---

[1] All references to numerical exhibits are to Movant's exhibits. All references to alphabetical exhibits are to the government's exhibits.

Panagakos, Mr. Miske's attorney accepted a copy of the warrant on his behalf. *See* Motion, Exhibit 3 – 8/17/17 11:18 email.

On August 17, 2017, Ms. Panagakos asked about the status of the Painkiller. *See* Motion, Exhibit 3 – 8/17/17 11:18 email. The government replied that the search of the Painkiller was on going and that a receipt for property taken would be provided upon the completion of the search. *See* Motion, Exhibit 3 – 8/17/17 2:37 email.

On August 24, 2017, Ms. Panagakos inquired about the status of the Painkiller and asked for its return, and requested a copy of the application and affidavit for the search warrant. *See* Motion, Exhibit 4 – 8/24/17 7:39 email.

On August 28, 2017, the government responded to Ms. Panagakos' email and explained that the application and affidavit were sealed (accordingly, these were not provided), that a receipt for items taken would be provided within the week, and that the government had received court approval to maintain custody of the Painkiller until November 25, 2017.[2] *See* Motion, Exhibit 4 – 8/28/17 7:55 email. The government explained that it was awaiting the results of forensic

---

[2] On August 23, 2017, the magistrate court issued, under seal, its Order granting the government's application to extend the time in which to complete the search of the Painkiller, allowing the FBI to maintain and search (with regard to "destructive action") the Painkiller until November 25, 2017. *See* Motion, Exhibit 6.

testing from the FBI regarding swabs that were taken from the Painkiller in lieu of cutting and removing major sections of the boat that would destroy the structural integrity of the boat ("destructive action").  *See Id*.  Ms. Panagakos requested a copy of the magistrate court's order.  *See* Motion, Exhibit 4 – 8/28/17 8:10 email.

On August 29, 2017, the government informed Ms. Panagakos that it would seek a court order allowing the government to provide the sealed order authorizing the FBI to maintain the Painkiller until November 25, 2017.  Motion, Exhibit 4 – 8/29/17 8:36 email.

On September 1, 2017, the government lodged a sealed motion with the magistrate court seeking permission to provide Ms. Panagakos with a copy of the requested Order.  On that same day, the government also provided Ms. Panagakos a copy of a Receipt for Property for the Painkiller, which included a "partial inventory list pending a continued further search as deemed necessary."  *See* Response, Exhibit A – 9/1/17 4:38 email.

On September 7, 2017, the magistrate court filed its order allowing the government to provide Ms. Panagakos with a copy of the order.  On September 8, 2017, the government provided the order to her.  *See* Response, Exhibit B – 9/8/17 1:38 email.

On October 14, 2017, the government received a copy of Movant's Motion. Doc No. 8.   In its Motion, Movant asked the court to order the return of the Painkiller and that the government not take any action that would "destroy the structural integrity" of the Painkiller without notice to Movant.  Motion at 17.

The magistrate court set a briefing schedule and calendared the hearing on the Motion for November 20, 2017.  Doc. No. 9.

On November 3, 2017, the government informed Movant's counsel, Christopher Cannon, Esq., that the FBI was anticipating receiving a report that might eliminate the need to take "destructive action" (as described to Ms. Panagakos in the 8/28/17 7:55 email – Motion, Exhibit 4) and could allow for the Painkiller to be returned.  The parties drafted language to document this agreement.  *See* Motion, Exhibit 7 – 11/3/17 11:54 and 11:57 emails.  Later that day, the parties approached the magistrate court about continuing the briefing and hearing on the Motion.  *See* Motion, Exhibit 7 – 11/13/17 12:25 and 4:49 emails.

On November 16, 2017, the government informed Movant's counsel that the FBI would return the Painkiller and that the FBI was completing an assessment of the Painkiller's condition and possible repairs prior to its return.

On November 20, 2017, the parties met and discussed the return of the Painkiller.  Movant's counsel requested information about the Painkiller's needed

repairs and the timing of its return. *See* Response, Exhibit C.  From November 22

to November 30, 2017, the parties corresponded about the repair and return of the

Painkiller. *See* Response, Exhibit D.

On December 5, 2017, the government informed Movant's counsel that the

FBI was preparing a letter that would indicate *inter alia* that the Painkiller would

be returned "as-is" and was not currently seaworthy, as well as providing the

procedure for releasing the Painkiller. *See* Response at 5.

On December 11, 2017, the FBI provided Movant with a letter (Motion,

Exhibit 8) explaining that certain parts from the Painkiller are being retained as

evidence pending forensic analysis; and describing the FBI's process for releasing

the Painkiller and delivering it to Movant, and the applicable procedures required

to file a claim for damages or repairs.  The letter included a list and photos of items

that had to be replaced or repaired. *See* Response, Exhibit E.  The letter further

offered Movant an opportunity to inspect the Painkiller prior to its return so that

Movant could make appropriate arrangements for storage and repairs, and

therefore have complete understanding of the Painkiller's condition. *See Id*.

On December 12, 2017, Movant's counsel acknowledged that Movant was

hoping to "expeditiously prepare for the return of the boat" but needed further

information from the government. *See* Response, Exhibit 10 – 12/12/17 5:08

6

email.  The government responded by providing Movant with a copy of the

inventory of September 1, 2017 (previously provided to Ms. Panagakos) as the

items that were retained as a result of executing the search warrant.[3]  *See* Response,

Exhibit 10 – 12/14/17 9:41 email.

On December 20, 2017, Megan Kau, Esq. informed the government that she

was substituting as counsel for Movant.  After conferring with the magistrate court,

the parties agreed that the December 21, 2017 status conference would be vacated

and Ms. Kau could supplement the Motion by January 5, 2018.  Doc. No. 14.

On January 5, 2018, Ms. Kau filed Movant's Supplemental Memorandum.

Doc No. 19.  In its Supplemental Memorandum, Movant asked that the court, not

only order the return of Painkiller, but additionally, all the items the FBI seized

pursuant to the warrant authorized by the magistrate court on August 9, 2017.

Supplemental Mem. at 5.

---

[3] The FBI's email response of 12/14/17 7:43 further clarified, that in addition to the
inventory for receipt for property dated September 1, 2017, a "scope of work"
attachment was also provided to Movant's counsel which detailed all the items
removed from the Painkiller that are being retained by the FBI for evidentiary
purposes that would require replacement or repair to make Painkiller seaworthy.
As explained in the December 14, 2017 email from the FBI to Movant's counsel,
the "partial inventory list" of September 1, 2017 became final because there were
no further additions or changes.  *See* Motion, Exhibit 10 – 12/14/17 7:43 email.

Since December 11, 2017, and at least up to the filing of the government's

Response, no one from Hawaii Partners or any of its representatives has contacted

the FBI to arrange for an inspection or the return of the Painkiller.  The Painkiller

remains at the FBI Honolulu Division Office.  *See* Response at 7.

On February 13, 2018, the Movant filed its Rely Memorandum in Support of

Motion to Return Property ("Reply").  Doc. No. 25.

On February 16, 2018, the magistrate judge filed his Findings and

Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property.

Doc. No. 29.  The magistrate court found that "the equities do not tilt in favor of

reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district

court should not exercise its equitable jurisdiction to entertain the motion."  Doc.

No. 29 at 6-7.  In reaching its conclusion, the magistrate court applied the four-part

test explained in *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) and

found: 1) the government did not display a callous disregard for Movant's

constitutional rights, 2) while Movant is the registered owner, there is no evidence

that it needs to have the seized items returned at this time as opposed to after the

investigation is completed, 3) Movant would not be irreparably injured by denying

return of the seized items before the investigation has been completed, and 4)

Movant has an adequate remedy at law for redress.  *Id.* at 5-6.

8

On March 2, 2018, Movant filed its Objections to the F & R.  Doc. No. 30.

## III.   STANDARD

A party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter.  28 U.S.C. § 636(b)(1).

> A district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Local Rule LR74.2.  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (citation omitted); *accord Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz).  Therefore, this Court "may consider the record developed before the magistrate judge," but this Court must make its "own determination on the basis of that record."

## IV.   **DISCUSSION**

When Movant originally filed its Motion on October 19, 2017, it asked the
court to have the Painkiller "returned immediately" (Motion at 4) or alternatively,
for the court to prevent the government from "cutting and removing structural
areas" of the Painkiller (Motion at 15-17).  On November 3, 2017, despite already
having court approval to maintain and search the Painkiller (Motion, Exhibit 6 -
August 23, 2017 order), the government acquiesced to Movant's request and
agreed not to take any "destructive action" without first providing Movant notice
and seeking the magistrate court's approval.  *See* Motion, Exhibit 7 - 11/3/17 11:57
email.  While the government had until at least November 25, 2017 to maintain
and search the Painkiller, the parties wanted more time to determine if the
government could return the Painkiller without taking any "destructive action,"
thereby eliminating the need for the magistrate court's intervention.  *Id.*

On November 16, 2017, the government informed Movant's counsel that it
would not take destructive action to areas of the Painkiller that had been swabbed
by the FBI and would be arranging for the return of the Painkiller.  Response at 5.
While the government originally indicated it was assessing what repairs were
needed before returning the Painkiller, on December 5, 2017, the government
informed Movant that the Painkiller would be returned "as is."  Response at 5.  The

FBI detailed the process for returning the Painkiller to Movant in a December 11, 2017 letter. *See* Motion, Exhibit 8.

Despite Movant's October 19, 2017 Motion only seeking return of the Painkiller, from December 11, 2017 and until at least the filing of the government's Response, Movant made no arrangements to inspect or retrieve the Painkiller from the FBI. *See* Response at 10.  In its January 5, 2018 Supplemental Memorandum (Doc. No. 19), Movant, after the government had agreed to return the Painkiller, sought the return of the Painkiller "in whole" and "all of its parts." *See* Supplemental Mem. at 5 and 20.  In filing its Objections (Doc. No. 29), the Movant now asks for the first time, that the government "cease it forensic search of the parts of the boat which it has removed for forensic analysis" and "return any electronic information which post-dates the alleged offense."  Objections at 18. These two most recent requests were not raised before the magistrate court.

As detailed below, in December of 2017, the government agreed to return the Painkiller itself.  Response at 9.  It later agreed to return the Painkiller's electronics.  Response at 10.  Despite, Movant's constantly supplementing its requests, the issue before this Court, after conducting a *de novo* determination of the magistrate's findings and recommendation, is whether it should exercise

11

equitable jurisdiction and require the government to return the Painkiller "in whole" and "all of its parts."

### A. The government agreed to return the Painkiller and agreed to return certain parts of the Painkiller

#### 1. The Painkiller itself

After realizing the proper procedure to address any potential damage claims had to be through an administrative process, the government informed Movant on December 5, 2017, that it would return the Painkiller in an "as-is" condition.[4] Response at 9. Therefore, on December 11, 2017, the FBI provided Movant with a letter stating that the Painkiller would be returned without any repairs and that Movant could seek damages and repairs to the Painkiller by filing an administrative claim under the provisions of Title 31, U.S.C. Section 3724. *See* Motion, Exhibit 8. Despite the government's willingness to return the Painkiller, Movant had not contacted the FBI to inspect or retrieve the Painkiller as of the filing of government's Response. *See* Response at 10

---

[4] This mistake was due to the government not recognizing sooner that the administrative claims process under 31 U.S.C. § 3724 was the proper remedy for Movant.

12

### 2.     Electronics of the Painkiller

The government disagrees with the assertion that any seizure and search of the Painkiller's electronics was overly broad. *See* Objection at 16. The seizure and search conducted were authorized by a valid warrant. *See* F & R at 5. The government copied the electronic information from the Painkiller and agreed to return the electronics when returning the Painkiller. *See* Response at 10. It will retain copies of the electronic information as suggested by Movant. *See* Supplemental Mem. at 12.

Nevertheless, Movant now asks this Court to order the government to return copies of the electronics "because on its face the warrant lacks probable cause to seize and retain data." Objections at 17. This request was not made to the magistrate court. In fact, Movant took a contrary position when it suggested the government should retain copies of the electronic information. *See* Supplemental Memo at 12. Therefore, this new request is not properly before this Court. Even assuming this a proper request, this Court should deny it.

Movant's specific objection is that the magistrate judge failed to make any specific findings or recommendation on the return of copies of the electronic data. Objections at 16. First, given the magistrate judge declined to recommend that this Court exercise equitable jurisdiction, it did not need to address this specific issue.

Second, even if the magistrate court specifically needed to addressed this issue, it found "the FBI properly searched the Vessel and seized certain items, a list of which was provided to Hawaii Partners, LLC" and therefore was not in callous disregard of Movant's constitutional rights. F & R at 5. Therefore, the government's retention of copies of specific portions of the seized data as first recommended by Movant is appropriate. *See* Response at 10. There is no irreparable injury to Movant by keeping copies of this data. *See* Objections at 17. If or when this data becomes evidence in a prosecution, the appropriate remedy is the filing of a motion to suppress evidence.

## B.   The government did not come into possession of evidence by circumventing or willfully disregarding limitations in the search warrant

Movant seemingly argues that the magistrate court's failure to specifically cite to *United States v. Comprehensive Drug Testing, Inc.* 621 F.3d 1162 (9th Cir. 2010) renders its findings and recommendation improper. *See* Objections at 8 and 12. While the magistrate court did not mention *Comprehensive Drug Testing* in its F & R, it conducted an *in camera* review of the underlying application and affidavit for search warrant that supports a finding that the government did not display a callous disregard for Movant's constitutional rights. F & R at 5. The magistrate court specifically found that pursuant to a search warrant, the FBI

14

properly searched the Painkiller and seized certain items, a list of which was provided to Movant.  F & R at 5.  This Court should reach the same finding and therefore conclude the government did not circumvent or willfully disregard the limitations of the search warrant.

Nonetheless, Movant reasserts two arguments: 1) the warrant did not authorize the removal and testing of the items that were seized, and 2) the government disregarded the magistrate court's November 25, 2017 order. Objections at 17.

### 1.    The warrant authorized removal and testing of the seized items

Movant's first argument ignores that there were parts of the Painkiller (as documented in the inventory of September 1, 2017 – Motion, Exhibit 5) that were seized as evidence pursuant to a properly authorized warrant.  *See* F & R at 5. Movant claims that the warrant does not authorize the removal of components of the boat.  Objections at 9.  Again, the seizure of these items was authorized by a valid warrant.  The warrant authorized the removal of the recovered items because the warrant allowed for the seizure of "[t]race and forensic evidence to include: biological matter, including but not limited to hair[,] skin, bones, blood, DNA, and fingerprints[.]" *See* Motion, Exhibit 1, Attachment B.  Therefore, if any parts or

15

components contain trace or forensic evidence, the warrant allowed for its seizure.

In fact, originally, Movant only sought return of the Painkiller or in the alternative

that the government not take "destructive action." Movant did not request return

of the Painkiller in whole or with all of its parts because Movant acknowledged

that the September 1, 2017 inventory "list demonstrates the extensive search has

already been conducted including swabbing and vacuuming for items of

evidentiary value and that many items have been seized to examine for trace and

forensic evidence." *See* Motion at 4.

### 2. The government complied with the magistrate court's November 25, 2017 order

Movant incorrectly believes that the government "circumvented and

willfully disregarded" the magistrate court's November 25, 2017 order. Objections

at 9. To be clear, the government did **not** violate the magistrate court's imposed

deadline of November 25, 2017 because the FBI did not further search the

Painkiller or remove anything from the Painkiller after its initial search which

resulted in the recovery of the items listed in the inventory of September 1, 2017.

Response at 12.

Furthermore, Movant misunderstands the purpose for the November 25,

2017 deadline. The order allowed the government to **maintain and search** the

Painkiller until November 25, 2017.  The November 25, 2017 deadline **only dealt with "destructive actions" that would affect the "structural integrity of the boat"** and had nothing to do with the evidence already seized for forensic testing. Prior counsel understood this as demonstrated by the agreement memorialized on November 3, 2017.  *See* Motion, Exhibit 7 – 11/3/17 11:57 email.  Furthermore, Movant's former counsel referenced the  September 1, 2017 inventory when he stated that this "list demonstrates the extensive **search has already been conducted** including swabbing and vacuuming for items of **evidentiary value and that many items have been seized to examine for trace and forensic evidence**." *See* Motion at 4.

Movant cites to *United States v. Mitchell*, 652 F.3d 387, 406-07 (3d Cir. 2011) (en banc) for the proposition that government's retention of items from the Painkiller for testing constitutes a second search not covered by the warrant. Objections at 10.  *Mitchell* is easily distinguishable because it involved the collection and processing of DNA under 42 U.S.C. § 14135a (Collection and use of DNA identification information from certain Federal offenders) – not the analysis of evidence pursuant to a validly authorized warrant.  Furthermore, any purported illegal search can be addressed in a motion to suppress evidence and is not properly remedied by a motion for return of property.

17

C.  **This Court should adopt the magistrate court's findings and recommendation not to exercise equitable jurisdiction to entertain Movant's Motion**

Given the government's agreement to return the Painkiller itself along with its electronics (*see supra* at 12-14), the magistrate court was faced with deciding whether the evidence retained by the FBI should also be returned.

Pre-indictment Rule 41(g) motions are treated as civil equitable proceedings, and thus the court must exercise "caution and restraint" before assuming jurisdiction. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Therefore, before analyzing whether equitable jurisdiction should be exercised, the magistrate court considered (1) whether the government's action involved a callous disregard for the movant's constitutional rights, (2) the nature of movant's interest in, and need for, the seized property, (3) whether the movants would be irreparably injured by a denial of their request for return of property, and (4) whether the movants have an adequate remedy at law to redress their grievances. *Kama*, 394 F.3d at 1238 (*citing Ramsden*, 2 F.3d at 324-25). After applying this four-part test, the magistrate court found that "the equities do not tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district court should not exercise its equitable jurisdiction to entertain the motion." This Court should adopt the magistrate court's recommendation.

18

### 1.     Callous disregard

The magistrate court's *in camera* review of the underlying application and affidavit for the search warrant supports a finding that the government did not display a callous disregard for Movant's constitutional rights. F & R at 5. The magistrate court specifically found that pursuant to a search warrant, the FBI properly searched the Painkiller and seized certain items, a list of which was provided to Movant. F & R at 5. This Court should reach the same conclusion.

The search and seizure warrant was based on a sealed affidavit submitted to the magistrate court. The warrant was issued only after a neutral and detached judicial officer made a determination that it was supported by probable cause. The government embraced the judicial process, and thereby respected, rather than disregarded, Movant's constitutional rights. Response at 16.

Movant claims that the magistrate court should not have reviewed the sealed affidavit in making its finding because the affidavit was not provided to Movant.[5]

_____

[5] Movants seek copies of the sealed affidavit supporting the search and seizure warrant. Objections at 13.   There is no constitutional, statutory or common law right of access to an affidavit during the pre-indictment stages of an investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). Indeed, "the experience of history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing[.]" *Id.*   The affidavit in this case reflect the nature and direction of the ongoing investigation, and its premature disclosure would reveal

19

The magistrate court and this Court can conduct an *in camera* review of the Application and Affidavit for Search and Seizure Warrant for the Painkiller to determine if the government displayed a callous disregard of Movant's constitutional rights. *See In the Matter of the Seizure of a Light Green 2009 Toyota Prius . . . .*, No. Mc 09-00101 JMS/BMK, 2009 WL 2143542 at *4 (D. Haw. July 14, 2009); *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978).

Movant also seeks to extend the government's alleged callousness to include not returning the boat intact and allegedly tricking Movant into postponing the hearing on its Motion. *See* Objections at 14. Movant confuses the scope of this factor as evidenced by it stating, "It does not matter what the underlying allegation supporting the search warrant is . . . ." Objections at 14. The callous-disregard factor deals with the government's action in searching and seizing the property remaining at issue - the items being held as evidence as documented in the inventory of September 1, 2017. *See e.g. Ramsden,* 2F.3d at 325 (the

---

the identities of witnesses, and jeopardize the government's ability to gather evidence and evaluate potential charges. The magistrate court was well within its discretion in ordering that the affidavits be sealed. *Id.* (sealing orders may be "granted freely upon a showing that a given criminal investigation requires secrecy"). The affidavit should remain sealed until the investigation has been concluded.

government's admission to a Fourth Amendment violation because it chose not to obtain a warrant before searching for and seizing items amounted to a callous disregard of Ramsden's constitutional rights).  Here, all the items in question were properly seized pursuant to a warrant.  *See* F & R at 5.

Even if the government's actions while the Motion was pending[6] are to be considered as a callous-disregard factor, the government was acting in good faith when it agreed with Movant to postpone the briefing and hearing on the merits pending a determination of whether "destructive action" was required to obtain additional evidence from the Painkiller.  In fact, the government agreed to the two requests in Movant's Motion: not taking "destructive action" on the Painkiller and returning the Painkiller itself.  Therefore, the government did not "lull" Movant to change the November 20, 2017 hearing to a status conference.  Objections at 14.  Further contradicting Movant's claim that it was induced to change the hearing to a status conference was its unwillingness to contact the FBI to seek the return of the Painkiller at any time prior to the government filing its Response.

---

[6] Even prior to Movant filing its Motion, the government acted reasonably in responding to Ms. Panagakos' requests.

21

## 2.    Individual interest in and need for the property

The magistrate court found that while Movant is the registered owner of the Painkiller, there is no evidence that Movant needs to have the seized items returned at this time, as opposed to after the investigation is completed.  F & R at 5-6. Movant did not object to this finding.

## 3.    Irreparable injury

The magistrate court found that the items seized from the Painkiller are not perishable or unique and that the government provided a list of the items seized and the repairs that are necessary to return the Painkiller to seaworthiness.  F & R at 6.    Therefore, the magistrate court found that Movant would not be irreparably injured by denying return of the seized property before the investigation has been completed.  F & R at 6.  This Court should reach the same conclusion.

Movant does not object to the magistrate court's finding that the parts it seeks to be returned are not perishable or unique or that it cannot make the necessary repairs to make it seaworthy.  *See* Objections at 14-15.  Rather, Movant objects because the magistrate court failed to consider the cost (insurance, registration, licensing, and docking fees) that Movant must incur while the government has possession of the Painkiller's parts.  Objections at 15.  However, the return of the parts will not eliminate Movant's need to pay these costs.

22

The sunken cost associated with Movant's ownership: insurance, registration, licensing, and docking fees do not constitute irreparable harm because Movant can file an administrative claim seeking compensation for money damages. Despite claiming it needs all of the Painkiller's parts returned, Movant suggested that taking the Painkiller back now would lead to "surprise repairs." Supplemental Mem. at 16. This assertion makes clear that Movant does not necessarily seek return of the Painkiller itself or the parts themselves, but wants the parts to be replaced. Again, this financial expense is not irreparable harm. Movant can request reimbursement for replacement parts by seeking damages through an administrative claim.

### 4.    Adequate remedy at law

The magistrate court found that Movant has an adequate remedy at law for redress because it can file an administrative claim or a civil suit.  F & R at 6.  This Court should reach the same conclusion.

Movant claims that since it is not seeking damages from the government but rather that the Painkiller be returned in whole, there is no adequate remedy. Objections at 15.  This argument presupposes that the only adequate remedy is that the Painkiller be returned in whole.  However, as the magistrate court found and the Movant acknowledged, Movant can file an administrative claim under 31

23

U.S.C. § 3724 for any damages to the Painkiller.  Objections at 15.  Movant

specifically stated that there is "an administrative remedy regarding damage to

seized property caused by the government . . . ."  *See* Supplemental Mem. at 15.

Movant further noted, "[T]he only adequate remedy at this point is for the boat to

be returned so that HI Partners can assess the damage and determine an appropriate

remedy."  Supplemental Mem. at 17.  The government wholeheartedly agrees.  It

has been willing to allow Movant to take possession of the Painkiller since

December 11, 2017.  Response at 22.

## V.   **CONCLUSION**

On balance, the equities do not weigh in favor of this Court reaching the

merits of Movant's Rule 41(g) supplemental request to return the parts of the

Painkiller that are legitimately being held as evidence by the FBI in connection

with an on-going criminal investigation.  The government obtained court approval

for the search and seizure warrant, which was duly executed.  Moreover, Movant

has not shown an individual interest or a specific need for these parts or that it will

suffer irreparable harm without the immediate return of these parts.  Finally,

Movant has adequate remedies at law for redress.  As Movant has not shown that

the balance of equities tilt in its favor, this Court should adopt the magistrate

court's recommendation that this Court should decline to exercise its extraordinary

equitable jurisdiction.

DATED:  March 16, 2018, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By _____
    DARREN W.K. CHING
    Assistant U.S. Attorney

    Attorneys for UNITED STATES
    OF AMERICA

25

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method(s) of service noted

below, a true and correct copy of the foregoing was served on the following at her

last known address:

Served by U.S. Mail:

MEGAN K. KAU, ESQ.
810 Richards Streeet, Suite 330
Honolulu, HI 96813

Attorney for Movant
HAWAII PARTNERS, LLC

DATED:  March 16, 2018 at Honolulu, Hawaii.

_____
Legal Assistant
U.S. Attorney's Office
District of Hawaii