**WARNING: THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

DARREN W.K. CHING #6903
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: darren.ching@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: BOSTON WHALER 370 OUTRAGE "PAINKILLER," HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII | Civ. No. 18-00080 LEK-RLP<br><br>UNITED STATES' SUPPLEMENTAL BRIEFING REGARDING ELECTRONIC DATA (ECF No. 38); CERTIFICATE OF SERVICE |

UNITED STATES' SUPPLEMENTAL BRIEFING
REGARDING ELECTRONIC DATA (ECF No. 38)

The United States of America respectfully submits this supplemental brief in response to this Court's Entering Order of October 30, 2018 (the "Order"), which directed the Government to respond to four issues relating to electronic data.

1. The first issue identified in the Order is whether the Government has actually retained copies of Movant's electronic data regarding dates beyond June 14, 2016 to August 30, 2016. The answer is that the Government is in possession of four SD cards containing electronic data that could constitute additional data. These SD cards are all listed in the inventory of items seized pursuant to the search warrant. They are described in that inventory in the following manner: "Top SD Card," "Bottom SD Card," (3) "128GB SanDisk," and (4) "16GB SanDisk micro SD card." *See* ECF No. 33 - Government's Response to Hawaii Partners, LLC's Motion for return of Property, Exhibit A.

In executing the search warrant, the Government obtained data from these items that have been found to be pertinent to the subject offense of the search warrant. The Government has not, however, been able to determine precisely in what time periods these data points were created. As a consequence, it is possible that these data are from outside the time period of June 14, 2016 to August 30, 2016. One of these data is an image with a timestamp of April 2, 2017, which, if accurate, would fall outside of the specified time period. The Government has not, however, been able to determine the accuracy of that timestamp.

2.      The second issue the Order asks the Government to address is the basis for retaining any additional data. There are two bases.

First, some of the data obtained from the SD cards have been found to be pertinent to the subject offense listed in the search warrant, even though the data fall or possibly fall outside the time period of June 14, 2016 to August 30, 2016. Attachment B to the search warrant authorizes the Government to seize "all records and evidence relating to violations of 18 U.S.C. § 1958 (Use of interstate Commerce Facilities in the Commission of Murder-For-Hire), involving Miske and others known and unknown, occurring on or about June 14, 2016 to August 30, 2016 . . . ." Under the terms of Attachment B, data may be pertinent to a subject offense committed in the specified time period even if the data was not created in that time period. Accordingly, although Attachment B would not allow the Government to retain data relating to a murder committed outside the specified time period, it *does* permit the Government to retain data relating to a murder committed within the specified time period, regardless of when that data was created. Here, the FBI has identified data on the SD cards that has been found to be pertinent to the subject offense. Under the terms of Attachment B, it is appropriate to retain that pertinent data, regardless of whether the data were created in the relevant time period.

3

Second, because some pertinent data have been found on the SD cards, it is appropriate for the Government to retain the entirety of the contents of the SD cards, in order to preserve the integrity of the seized evidence, both so that the Government is able to prove the authenticity of the evidence, and so that the evidence is available for Movant or any other interested individual to conduct an independent forensic examination. As the Second Circuit has recognized, "a digital storage medium or its forensic copy may need to be retained, during the course of an investigation and prosecution, to permit the accurate extraction of the primary evidentiary material sought pursuant to the warrant; to secure metadata and other probative evidence stored in the interstices of the storage medium; and to preserve, authenticate, and effectively present at trial the evidence thus lawfully obtained." *United States v. Ganias*, 824 F.3d 199, 215-16 (2d Cir. 2016) (en banc). For that reason, "[p]reservation of the original medium or a complete mirror may therefore be necessary in order to safeguard the integrity of evidence that has been lawfully obtained or to authenticate it at trial." *Id.* at 215. That is precisely what the Government has done here.

3. The third issue the Court has asked the parties to address is how Movant originally stored its electronic data in the digital device(s) and how the Government made copies of the electronic data. The Government will await Movant's description of how it stored its electronic data, and is prepared to

respond to that description should the Court request a response. As to how the Government made copies of the data, the Government preserved the data in its original form by seizing two SD cards from Movant. The Government also made forensic copies on removable media. And the Government seized digital evidence from electronic components which was transferred to removable media. More specifically, the "Top SD Card" and the "Bottom SD Card" were seized from Movant and contain original data; the "128GB SanDisk" is a copy of the "Top SD Card" and the "Bottom SD Card"; and the "16GB SanDisk micro SD card" is a forensic copy of data extracted from the electronic component itself.

4. The fourth issue identified in the Court's Order is whether the electronic data can be separated by date recorded from the rest of the data. The FBI represents that it is unable to determine whether the data are capable of being separated by date without conducting further forensic analysis.

DATED: November 9, 2018, Honolulu, Hawaii.

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By _____
  for DARREN W.K. CHING
  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served by U.S. mail:

RANDALL K. HIRONAKA, ESQ.
Miyoshi & Hironaka LLLC
345 Queen St Ste 600
Honolulu, HI 96813
(808) 888-2595
Fax: (808) 599-1645
Email: randy@808-law.com


TRISTAN S.D. ANDRES, ESQ.
Deeley King Pang & Van Etten, LLLP
1550 Pauahi Tower
1003 Bishop Street
Honolulu, HI 96813
Email: ta@dkpvlaw.com

Attorneys for HAWAII PARTNERS, LLC

DATED: Honolulu, Hawaii, November 9, 2018.

_____
Legal Assistant
U.S. Attorney's Office
District of Hawaii