**ORIGINAL**

**SEALED**

FILED UNDER SEAL PER COURT'S 10/19/2017 ORDER
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 16 2018

at 7 o'clock and 12 min. PM
SUE BEITIA, CLERK

MIYOSHI & HIRONAKA, LLLC
Attorneys at Law

RANDALL K. HIRONAKA    7444
345 Queen Street, Suite 600
Honolulu, Hawai'i 96813
Telephone No: (808) 888-2595
Facsimile No: (808) 599-1645
E-mail: randy@808-law.com

Attorneys for Movant
HAWAII PARTNERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: BOSTON WHALER 370 OUTRAGE "PAINKILLER," HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE 1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAI'I | CIV. No. 18-00080 LEK-RLP<br><br>MOVANT HAWAII PARTNERS, LLC's SUPPLEMENTAL BRIEFING PURSUANT TO COURT'S ORDER (ECF No. 38) and CERTIFICATE OF SERVICE<br><br>[FILED UNDER SEAL] |

MOVANT HAWAII PARTNERS, LLC's SUPPLEMENTAL
BRIEFING PURSUANT TO COURT'S ORDER (ECF No. 38)

In the Government's Response to HI Partners' Motion for Return of Property, p.10, the Government stated that it would return the seized electronics and retain *copies* of electronic information from these devices. Now, in its Court-Ordered Supplemental Briefing, the government admits that it has not only retained copies, but that it has also retained the original SD cards. For the reasons set forth in HI Partners' prior pleadings (*see* Hawaii Partners, LLC's Objections to the Findings and Recommendation to Deny Hawaii Partners LLC's Motion for Return of Property, pp. 16-17, and prior pleadings cited therein), HI Partners respectfully submits that to the extent that the face of the warrant authorized the wholesale seizure of these SD cards, it was unconstitutionally overbroad and failed to satisfy the Fourth Amendment's particularity requirement.

The government has not articulated a lawful basis for retaining electronic data outside the period of the alleged offense conduct. The government's Supplemental Briefing, filed on November 9, 2018, asserts that some data on the SD cards is pertinent, and therefore, that retention of all data is authorized. This argument highlights the overbreadth and lack of particularity defects in the warrant. The government contends that (Supplemental Briefing, p.3):

> Under the terms of Attachment B, data may be pertinent to a subject offense committed in the specified time period even if the data was not created in that time period.

The government's assertion that post-offense data "may be pertinent" does not

justify its continued retention of the original SD cards, or entire copies thereof, without regard to the *actual* relevance of the seized information. Notably, the government has identified only one image with a timestamp outside the alleged offense time period, and the government does not even explain the relevancy of this single image. This single post-offense image does not justify the government's wholesale retention of all post-offense data.

The government's reliance on *United States v. Ganias,* 824 F.3d 199, 215-216 (2d Cir. 2016) (*en banc)*, is misplaced. In *Ganias,* the Court did not decide whether the government's retention of entire mirrored hard drives violated the Fourth Amendment. *Id.* at 220-21. Instead, the Court relied on the good faith exception in affirming the district court's denial of a motion to suppress evidence. *Id.* at 221-25. In doing so, the Court specifically distinguished *Ganias* from the situation with which the Court is presented here. The *Ganias* Court emphasized that the defendant therein did not file a motion to return to return property pursuant to Fed.R.Crim.P. 41(g), and that Rule 41(g) "constitutes a statutory solution" for addressing the issues presented by the government's retention of entire electronic storage devices. *Id.* at 218-20. Thus, HI Partners is seeking the precise redress suggested by *Ganias*.

Moreover, the government's Supplemental Briefing ignores *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1177 (9th Cir. 2010), where the

Court stated:

> We recognize the reality that over-seizing is an inherent part of the electronic search process and proceed on the assumption that, when it comes to the seizure of electronic records, this will be far more common than in the days of paper records. This calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect.

Here, the government has wholly failed to establish probable cause to seize and retain data outside the alleged offense period.

In response to the Court's question whether the electronic data can be separated by date recorded from the rest of the data, the government has stated that it is unable to make this determination without conducting further forensic analysis. The Order Granting Application to Extend Time in Which to Search the boat at issue herein imposed a deadline of November 25, 2017. To the extent that the government failed to complete its search of the SD Cards prior to that deadline, this should not constitute a basis for the government to continue to retain data outside the alleged offense time period, which it has failed to establish probable

//

//

//

//

cause to retain.

DATED: Honolulu, Hawai'i, November 16, 2018.

        Respectfully submitted,

        MIYOSHI & HIRONAKA, LLLC
        Attorneys at Law

By: _____
        RANDALL K. HIRONAKA

Attorneys for Movant
HAWAII PARTNERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: BOSTON WHALER 370 OUTRAGE "PAINKILLER," HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE 1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAIʻI | ) ) ) ) ) ) ) ) ) ) CIV. No. 18-00080 LEK-RLP  CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served upon the following parties by way of CM/ECF electronic filing, to their last known addresses on the following date:

    DARREN W. K. CHING
    Office of the United States Attorney
    300 Ala Moana Blvd., Rm. 6100
    Honolulu, Hawaiʻi 96850

DATED: Honolulu, Hawaiʻi, November 16, 2018.

                                            /s/
                                MIYOSHI & HIRONAKA, LLLC