IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

IN THE MATTER OF THE SEARCH OF BOSTON WHALER 370 OUTRAGE "PAINKILLER" HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII

CIVIL 18-00080 LEK-RLP

**ORDER GRANTING IN PART AND DENYING IN PART MOVANT'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY MOVANT'S MOTION FOR RETURN OF PROPERTY, FILED FEBRUARY 16, 2018 AND REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

On February 16, 2018, the magistrate judge filed his Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property ("F&R"). [Dkt. no. 29.] On March 2, 2018, Movant Hawaii Partners, LLC ("Movant") filed its objections to the F&R ("Objections"). [Dkt. no. 30.] Respondent, the United States of America (the "Government") filed its response to the Objections ("Objections Response") on March 16, 2018. [Dkt. no. 33.] On August 28, 2018, the Government filed a status report ("Status Report"), notifying the Court of changes that would potentially render portions of the Objections and the underlying motion for return of property, filed on October 19, 2017 ("Motion") moot. [Dkt. nos. 8 (Motion), 34 (Status Report).] On August 28, 2018, the Court issued its inclination to deny the Objections as moot unless any party filed objections

to the inclination ("8/29/18 EO"); [dkt. no. 35;] and on October 30, 2018, the Court ordered supplemental briefing regarding the details of the electronic data withheld by the Government ("10/30/18 EO"), [dkt. no. 38]. On September 12, 2018, in response to the 8/29/18 EO, Movant filed a partial withdrawal of its Objections ("Partial Withdrawal"). [Dkt. no. 37.] In response to the 10/30/18 EO, the Government filed its supplemental memorandum ("Government's Supplement") on November 9, 2018, and Movant filed its supplemental memorandum ("Movant's Supplement") on November 16, 2018. [Dkt. nos. 39, 40.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Movant's Objections are HEREBY GRANTED IN PART AND DENIED IN PART and the magistrate's F&R is REJECTED for the reasons set forth below.

**BACKGROUND**

The underlying factual background is set forth in the magistrate judge's F&R, and will not be repeated herein. This matter arises from a search warrant executed in the Government's criminal investigation of a possible violation of 18 U.S.C. § 1958 - use of interstate commerce facilities in the commission of murder-for-hire - involving Michael Miske, and others. See Movant's Mem. in Supp. of Motion at 1-2.

On August 9, 2017, the Government obtained a search warrant ("Search Warrant") to seize the Boston Whaler 370 Outrage called "Painkiller", bearing identification number "HA 9849 H, hull identification number (HIN) BWCE1942D414" ("Vessel"). [Motion, Decl. of Lynn E. Panagakos ("Panagakos Decl."), at ¶ 3.] A copy of the Search Warrant was provided to Mr. Miske's then counsel, Lynn Panagakos, Esq.[1] [Panagakos Decl. at ¶¶ 2-6, Exh. 3 (Email to Ms. Panagakos from Assistant United States Attorney ("AUSA") Darren Ching dated 8/17/17).] Ms. Panagakos was informed on August 28, 2017 that the Vessel would be held until November 25, 2017, pending the results of forensic testing of initial samples obtained from the Vessel. [Panagakos Decl., Exh. 4 (Email to Ms. Panagakos from AUSA Ching dated 8/28/17).] Ms. Panagakos was also provided with a copy of the Receipt for Property for the Vessel, which included an inventory list of the items seized pending further search. [Panagakos Decl. at ¶ 7, Exh. 5 (Receipt for Property, dated 9/1/17).]

---

[1] Movant is the registered owner of the Vessel. [Motion, Exh. 2.] Although Mr. Miske's relationship to Movant is unclear, he had access to, and authority over, the keys to the Vessel at the time the Search Warrant was executed. See Panagakos Decl. at ¶ 3 (stating that: Federal Bureau of Investigations Supervisory Special Agent Daniel Olson asked Ms. Panagakos whether Mr. Miske would provide the agents with the keys to the Vessel so that the Vessel would not be damaged when the agents executed the Search Warrant; and Ms. Panagakos disclosed the location of the keys on Mr. Miske's behalf).

The Motion seeks the return of the Vessel, and an order preventing the Government from taking any action that would destroy the structural integrity of the Vessel without first permitting Movant to inspect it. [Mem. in Supp. of Motion at 17.] After balancing the factors set forth in United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005), and Ramsden v. United States, 2 F.3d 322, 324-25 (9th Cir. 1993), the magistrate judge recommended that the district court not exercise its equitable jurisdiction to entertain the Motion. [F&R at 4-7.] Movant filed the instant Objections to the F&R. However, on May 10, 2018, the Government returned the Vessel to Movant. [Status Report at 2.] The Government did not return the seized items identified under the Receipt for Property ("Remaining Property"). [Id.] The Remaining Property is comprised of components seized from the Vessel ("Components") as well as the Vessel's electronic media ("Electronic Media"). See Panagakos Decl., Exh. 5 (Receipt for Property). In light of the changed circumstances, Movant partially withdrew its Objections as to the return of the Vessel, but maintains the Remaining Property must be returned. [Partial Withdrawal at 2-3.]

With regard to the Electronic Media, the Government admits it has four SD cards, described in the inventory of seized items as "Top SD Card," "Bottom SD Card," "128GB SanDisk," and

"16GB SanDisk micro SD card" ("SD Cards").[2] [Government's Suppl. at 2.] The Government states that it has not been able to identify the creation dates of the information on the SD Cards, and cannot determine whether the information can be separated by date without further forensic examination. [Id. at 5.]

Movant has raised the following objections to the F&R: 1) the magistrate judge erred in not reaching the merits of the Motion because the Government's seizure of Movant's Remaining Property went beyond the scope of the Search Warrant; 2) the magistrate judge incorrectly weighed the factors set forth in Ramsden; and 3) the magistrate judge failed to address Movant's request to have the Government return its Electronic Media and electronic data that post-date the alleged offense.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States

[2] The Government clarified that "the 'Top SD Card' and the 'Bottom SD Card' were seized from Movant and contain original data; the '128GB SanDisk' is a copy of the 'Top SD Card' and the 'Bottom SD Card'; and the '16GB SanDisk micro SD card' is a forensic copy of data extracted from the electronic component itself." [Government's Suppl. at 5.]

> v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

### I. The *Ramsden* Factors

Movant objects to the magistrate judge's determination that the four Ramsden factors weighed against the exercise of equitable jurisdiction to entertain Movant's Motion, brought pursuant to Fed. R. Crim. P. 41(g). See F&R at 7. As the magistrate judge noted, a Rule 41(g) motion is usually brought to seek the return of property after indictment. [Id. at 4.] The Government notes that it has not brought charges against any individuals yet, and its investigation is ongoing. [Objections Response at 2.] "Where no criminal proceeding is pending, a

district court has discretion to hear a motion for the return of property as a civil equitable proceeding." Kardoh v. United States, 572 F.3 697, 700 (9th Cir. 2009). However, "[c]ourts should exercise caution and restraint before assuming jurisdiction over such a motion." Id. (internal quotation marks and citations omitted). Before a district court can exercise its equitable discretion to hear a pre-indictment motion brought pursuant to Rule 41(g), it must first consider whether:

> (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance." [Ramsden, 2 F.3d] at 324-25 (citing Richey v. Smith, 515 F.2d 1239, 1243-44 (5th Cir. 1975)). If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. Ramsden, 2 F.3d at 326.

Kama, 394 F.3d at 1238.

With regard to the second factor, Movant contends immediate return is necessary because the Government was already provided ample time to search the Vessel and the Remaining Property, and any additional time is unreasonable. [Movant's Suppl. at 5-9.] However, Movant has not stated any specific need for immediate return of the Remaining Property, such as dependence on it to run a business. See, e.g., Ramsden, 2 F.3d at 325 (movant relied upon seized documents to run his business,

therefore the Ninth Circuit held movant had both an interest and need to have the property returned). The magistrate judge determined this factor was neutral, where there was "no evidence that [Movant] needs to have the seized items returned at this time as opposed to after the investigation is completed." [F&R at 6.] The magistrate judge did not err in this respect.

Next, Movant objects to the magistrate judge's finding as to the third Ramsden factor: that Movant would not be irreparably harmed if the Remaining Property is not returned since the items are "not perishable or unique." [Id.] Movant argues the magistrate judge "fail[ed] to take into consideration the costs that [Movant] must continue to incur while the government has possession of the boat's parts," relating to payments for insurance, registration, licensing, and docking fees associated with the Vessel ("Vessel Fees"). [Objections at 14-15.] The magistrate judge identified adequate remedies at law - *i.e.*, filing either an administrative claim under 31 U.S.C. § 3724[3] or a civil suit - that would address Movant's alleged

---

[3] Section 3724 provides, in pertinent part:

> The Attorney General may settle, for not more than $50,000 in any one case, a claim for personal injury, death, or damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of

(continued...)

monetary damages, in satisfaction of the fourth factor. [F&R at 6.] Still, Movant objects to these remedies because it claims it is not seeking recovery for damages to personal property, but a "return of the boat in whole." [Objections at 15.] The Court rejects this argument since the Vessel has been returned, and an award of monetary damages will likely address the Vessel Fees and the cost of replacement and/or repairs Movant identified as its "irreparable harm." Further, there is no evidence before the Court that the legal remedies cannot address the amount of the repair/replacement.[4] Cf. United States v. Kane, Case No. 2:11-cr-00022-MMD-GWF, 2016 WL 1411353, at *4 (D. Nev. Apr. 11, 2016) (finding the movant would not be irreparably injured because there was an available state law process to dispute claims regarding seized evidence), *aff'd*, 677 F. App'x 400 (9th Cir. 2017). Accordingly, Movant's Objections as to magistrate's findings with regard to the second, third, and fourth Ramsden factors are denied.

---

[3] (...continued)
title 28. . . .

[4] The Court notes Movant's representation that the Vessel is worth "more than $400,000"; see Mem. in Supp. of Motion at 18; however, it appears this amount applies to the market value of the whole Vessel, and does not appear to address the cost of repairs or replacement of parts.

**A. Callous Disregard**

A closer inquiry is required as to the first Ramsden factor: whether the Government displayed a callous disregard for the constitutional rights of Movant in executing the Search Warrant. Movant argues it should be permitted to view the sealed affidavit in support of the Search Warrant since the magistrate judge relied upon it in order to find that the Government did not act with callous disregard. To the extent Movant contends the affidavit should be turned over to Movant for examination, the Court construes this as a request to unseal the application for the Search Warrant and supporting affidavit. This district court has noted "[t]here is 'no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned.'" In re Seizure of Private Funds Contained in First Hawaiian Bank Account Number 41345438 Held in the Name of Hoy, No. MC09-00100 HG-KSC, 2009 WL 2700213, at *2 (D. Hawai`i June 19, 2009) (quoting Times Mirror Co. v. United States, 873 F.2d 1210, 1218 (9th Cir. 1989)). As previously noted, the Government has not brought charges against any individuals, and "the nature and scope of the ongoing investigation is confidential." [Objections Response at 2.] The Search Warrant, and the affidavit in support of the Search Warrant, were also sealed by the magistrate judge. [Id.]

Movant agrees that Ms. Panagakos, on behalf of Mr. Miske, received a copy of the Search Warrant on August 10, 2017. [Panagakos Decl. at ¶ 4.] Ms. Panagakos was later provided with an inventory list of all the items seized from the Vessel, including the Vessel itself. [Id., Exh. 5 (Receipt for Property).] The Court notes that Movant has a copy of both the Search Warrant and the Receipt for Property. See id., Exhs. 1 (Search Warrant), 5 (Receipt for Property). Movant has not provided any case law or authority indicating its right to view the sealed affidavit where no indictment has been returned. Under these circumstances, this Court will not jeopardize the integrity of the ongoing criminal investigation by unsealing the affidavit. See Times Mirror Co., 873 F.2d at 1218 ("The incremental value in public access is slight compared to the government's interest in secrecy at this stage of the investigation. . . . In addition, we believe that significant privacy interests would be jeopardized if the public had access to warrant materials before indictments are returned."). Accordingly, Movant's objection to the magistrate judge's review of the sealed affidavit, and its request to review the sealed affidavit in support of the Search Warrant, are denied.

Next, the Court examines Movant's objection to the magistrate judge's failure to consider the Government's improper seizure of Movant's Electronic Media. Specifically, Movant has

argued the portions of the Search Warrant that permitted the seizure of the Vessel's Electronic Media was overbroad, and the Government's seizure went beyond the scope of the Search Warrant. The Court addresses the latter issue first.

It is worth noting that the magistrate judge did not have the benefit of all of the information presently before this Court, due to changes that occurred after the F&R was filed, and the submission of additional briefing pursuant to this Court's 8/29/18 EO and 10/30/18 EO. See 28 U.S.C. § 636(b)(1) (permitting a judge to receive "further evidence" in reviewing de novo the magistrate judge's findings and recommendations). In its supplemental memorandum, the Government admits it seized and continues to hold the four SD Cards containing information from the June 14 to August 30, 2016 time frame set forth in the Search Warrant, as well as information outside of this time frame. [Government's Suppl. at 2.] The Government asserts the SD Cards also contain other data pertinent to the Search Warrant, but it has not yet determined or confirmed the time stamps for these particular data points. The Government has not yet determined whether this information can be segregated by date recorded, and would need to conduct further forensic testing. [Id. at 5.] The Government also argues the bases for retaining the complete SD Cards is twofold. First, the Search Warrant permitted the Government to seize property "relating to a murder committed

within the specified time period, regardless of when that data was created"; and second, retaining the entire SD Cards will maintain the integrity of the seized evidence for further forensic examination by the Government, Movant, or other interested parties. [Id. at 3-4.]

With regard to the scope of a Search Warrant in the context of electronic media, the Ninth Circuit has recognized that "'[o]ver-seizing' is an accepted reality in electronic searching because '[t]here is no way to be sure exactly what an electronic file contains without somehow examining its contents.'" United States v. Flores, 802 F.3d 1028, 1044-45 (9th Cir. 2015) (some alterations in Flores) (quoting United States v. Comprehensive Drug Testing, Inc. ("CDT"), 621 F.3d 1162, 1176, 1177 (9th Cir. 2010) (en banc) (per curiam)). However, the Ninth Circuit has also cautioned against government agencies retaining "unresponsive data based on the plain view doctrine, and recognized the importance of protecting third parties' rights." Id. at 1045 (citation and internal quotation marks omitted). While the Ninth Circuit does not require that warrants for digital storage media must specify a particular search protocol, see United States v. Hill, 459 F.3d 966, 978 (9th Cir. 2006), a search warrant for electronic data does not permit a "general exploratory search," and must be supported by a reasonable explanation as to why wholesale seizure is necessary. Id.

(citation and quotation marks omitted). Further, the forensic examination of electronic data, while not bound by a specific time limit, must nonetheless be conducted within a "reasonable" time period. See Fed. R. Crim. P. 41, advisory committee's note to 2009 amendment; see also United States v. Blake, No. 1:08-cr-0284 OWW, 2010 WL 702958, *5 (E.D. Cal. Feb. 25, 2010) ("'The Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time period.'" (quoting United States v. Mutschelknaus, 564 F. Supp. 2d 1072, 1076 (D.N.D. 2008))).

The Government's handling of the SD Cards, and its inexplicable need to conduct further forensic examination of the electronic devices twelve months after the expiration of the Search Warrant, and over fifteen months after its seizure, amounts to a callous disregard of the Movant's constitutional rights. See, e.g., United States v. Metter, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) (electronic data seized but not searched or segregated for relevant data for fifteen months was unreasonable). The Court also considers the fact that the Government represented that it would seek an additional extension of time if there was a need to hold on to the seized property past the November 25, 2017 deadline,[5] but did not; the

[5] See Panagakos Decl., Exh. 4 (Email from AUSA Ching to Ms. Panagakos regarding Court approval to hold the Vessel until (continued...)

Government's failure to identify any valid reason that a search and segregation of the relevant information on the SD Cards either was unsuccessful or not attempted; and the Government's inconsistent position on whether it would return the original SD Cards with the Vessel after having made copies of the electronic data. Compare, Objection Response at 13, with Government Suppl. at 2.

Additionally, the Court considers Movant's arguments concerning the Components that the Government continues to hold after returning the Vessel. [Partial Withdrawal at 2.] The Government represented the reason for holding the Components was that further forensic analysis was ongoing; therefore, those parts of the Vessel would not be returned. [Movant's Suppl. Mem. in Supp. of Motion, Decl. of Christopher J. Cannon ("Cannon Decl."), Exh. 9 at 2 (letter from Melissa M. Reynolds, Chief Division Counsel, to Christopher J. Cannon, Esq. regarding the return of Vessel with certain seaworthy components removed for

---

[5] (...continued)
November 25, 2017, dated 8/28/17); see also In the Matter of the Search of: Boston Whaler 370 Outrage "Painkiller," HA 9849 H, Hull Identification Number (HIN) BWCE1942D414 Moored in Kewalo Basin Harbor, Honolulu, Hawaii, MJ 17-00909, Order Granting Application to Extend Time in Which to Search Boston Whaler 370 Outrage "Painkiller", HA 9849 H, Hull Identification Number (HIN) BWCE1942D414, filed 8/24/17 (dkt. no. 4) ("Extension Order"). The Extension Order was filed under seal.

further investigation).[6]] The Government's removal of the Components has rendered the Vessel unseaworthy, and the Vessel "cannot be placed in water without certain items being replaced and/or repaired." [Id.] As stated previously, it has been over fifteen months since the Government came into possession of the Vessel, and over twelve months since the expiration of the extension period for the Search Warrant. Moreover, the Government's return of the Vessel without its seaworthy components is for naught where Movant cannot operate the Vessel until repairs have been made, or the Components are returned.

Accordingly, the Court GRANTS IN PART Movant's Objections as to the magistrate judge's findings regarding the fourth Ramsden factor, and rejects the magistrate judge's recommendation not to reach the merits of the underlying Motion. The Court DENIES IN PART the remainder of Movant's Objections as moot. See Muegge, 2015 WL 4041313, at *2 ("'[o]bjections that would not alter the outcome are moot, and can be overruled on that basis alone'" (alteration in Muegge) (quoting Rodriguez v. Hill, No. 13CV1191-LAB (DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan. 23, 2015))).

---

[6] Exhibit 9 is a nonconsecutively paginated document. All page citations refer to the district court's electronic numbering system. Pages two through four of Exhibit 9 is a three-page letter from Ms. Reynolds to Mr. Cannon. [Cannon Decl., Exh. 9 at 2-5.]

However, given the dramatically changed factual landscape since the initial Motion was filed (and which the Court stresses were not provided to the magistrate judge), the Court reserves ruling on the merits of the Motion until further briefing has been submitted. The Court is concerned with the amount of time that has passed since the Government came into possession of the Remaining Property and SD Cards, and its lack of progress in identifying the electronic data relevant to the time frame described in the Search Warrant. With regard to the SD Cards, the parties are DIRECTED to identify whether there are any reasons that review and segregation of the data are particularly difficult or not possible. See, e.g., United States v. Gladding, 775 F.3d 1149, 1153 (9th Cir. 2014) (noting the "'sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs'" as well as the "difficulty and cost of segregating data" can amount to legitimate reason to retain property (internal quotation marks in Gladding) (quoting Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment))). The parties are also encouraged to address what, if any, forensic review protocol can be implemented to segregate the electronic data, see, e.g., CDT, 621 F.3d at 1180 (Kozinkski, C.J., concurring) (outlining guidance on reviewing and returning electronic data), and what is a reasonable amount of time to

continue to hold the SD Cards for forensic examination. The Court also instructs the Government to explain why it has taken this long to conduct its forensic examination of the SD Cards and the Remaining Property of the Vessel.

**CONCLUSION**

On the basis of the foregoing, Movant's Objections to the Findings and Recommendation to Deny Hawaii Partners, LLC's Motion for Return of Property, Filed February 16, 2018, filed March 2, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Court REJECTS the magistrate judge's F&R, but RESERVES RULING on Movant's Motion to Return Property, filed October 19, 2017. The parties are ORDERED to submit supplemental briefing in accordance with the terms described above, by no later than **January 25, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 10, 2019.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN THE MATTER OF THE SEARCH OF BOSTON WHALER 370 OUTRAGE "PAINKILLER" HA 9849 H, HULL IDENTIFICATION NUMBER (HIN) BWCE1942D414 MOORED IN KEWALO BASIN HARBOR, HONOLULU, HAWAII; ORDER GRANTING IN PART AND DENYING IN PART MOVANT'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY MOVANT'S MOTION FOR RETURN OF PROPERTY, FILED FEBRUARY 16, 2018 AND REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**