# MINUTES

CASE NUMBER:        CIVIL NO. 18-00080LEK-RLP

CASE NAME:          In The Matter Of: The Search Of: Boston Whaler 370 Outrage
                    "Painkiller"
                    Movant Hawaii Partners, LLC
                    Respondent United States of America

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:      Leslie E. Kobayashi        REPORTER:

DATE:       02/04/2019                 TIME:

COURT ACTION:  EO: COURT RULING REGARDING RESPONDENT'S
REQUEST TO FILE EX PARTE LETTER

On January 28, 2019, this Court issued an entering order ("1/28/19 EO"), with its inclination to permit Respondent the United States of America ("Government") to file an *ex parte* letter to fully address the issues identified in this Court's January 10, 2019 Order ("1/10/19 Order"), unless an objection was filed under seal on or before January 30, 2019. [Dkt. nos. 41 (1/10/19 Order), 45 (1/28/19 EO).]  The relevant factual and procedural background is set forth in the 1/10/19 Order and 1/28/19 EO.

On January 30, 2019, Movant Hawaii Partners, LLC ("Movant"), filed its Objection to United States' Request to Submit Ex Parte Letter to the Court ("Objection"). [Dkt. no. 46.]  The Objection identifies reasons why this Court should deny the Government's request to submit an *ex parte* letter, and this Court agrees that Movant will be greatly disadvantaged by an *ex parte* submission filed under seal.

The Court will receive the Government's *ex parte* letter and, after review, will determine whether the submission should remain sealed in its entirety, or whether the submission should be produced to Movant and/or filed in whole or partially redacted. The Court reminds the Government of its obligation of fair play, and notes that filing documents under seal is appropriate when the Government can demonstrate a "compelling reason" for filing the information under seal.  See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of

showing that 'compelling reasons' support secrecy." (citations omitted)); see also Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016) (holding that a request to seal relating to any motion that "is more than tangentially related to the merits," is subject to the compelling reasons standard), cert. denied, FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).  Moreover, the nature of ex parte filings is fundamentally unfair and thus must be sparingly permitted:

> Ex parte submissions "generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." U.S. v. Microsoft Corp., 56 F.3d 1448, (D.C. Cir. 1995) (quoting In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986)).  Exceptions to this general rule "are both few and tightly contained." Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C. Cir. 1986); see also United States v. Libby, 429 F. Supp. 2d 18, 21 (D.D.C. 2006) ("[C]ourts routinely express their disfavor with ex parte proceedings and permits such proceedings only in the rarest of circumstances.").  These include circumstances where: (1) materials are submitted for inspection to the Court because a party seeks to prevent their use in litigation; (2) the government has made "a demonstration of compelling national security concerns"; or (3) such ex parte review is specifically contemplated by statute. Abourezk v. Reagan, 785 F.2d at 1061; see also Clifford v. United States, 136 F.3d 144, 149 (D.C. Cir. 1998) ("[N]ot all ex parte communications must be disclosed, particularly when there is a countervailing need for confidentiality.").

Chekkouri v. Obama, 158 F. Supp. 3d 4, 5-6 (D.D.C. 2016) (alterations in Chekkouri).

    IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager